PHILIP S. GERSON, ESQ.
Nevada Bar No. 005964
OLSON, CANNON, GORMLEY
& DESRUISSEAUX
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
Telephone: (702) 384-4012
Facsimile: (702) 383-0701
email: pgerson@rocgd.com

Attorney for Defendants
United Plumbing, LLC and
Ferguson Enterprises, Inc.

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| EDWIN K. SLAUGHTER, REBECCA FLINN, and MEL and CAROL HEALEY, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>UPONOR, INC. a Minnesota Corporation; UPONOR NORTH AMERICA, INC., a Minnesota Corporation; RCR PLUMBING AND MECHANICAL, INC., a California corporation; INTERSTATE PLUMBING & CONDITIONING, LLC, a Nevada limited liability company; UNITED PLUMBING, LLC, a Nevada limited liability company; FERGUSON ENTERPRISES, INC., a Virginia corporation; HUGHES WATER & SEWER LP, a Florida limited partnership and successor by merger to STANDARD WHOLESALE SUPPLY COMPANY, a dissolved Nevada corporation; HD SUPPLY CONSTRUCTION SUPPLY, LIMITED PARTNERSHIP, a Florida limited partnership; DOES 1-30, ROE CORPORATIONS 1-XXX,<br><br>Defendants. | CASE NO.: 2:08cv1223-RCJ-GWF |

## EMERGENCY MOTION FOR ORDER SHORTENING TIME AND MOTION TO CONDUCT PRE-CERTIFICATION CLASS DISCOVERY
(First Request)

# POINTS AND AUTHORITIES

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

This case involves a class action lawsuit against Defendant UPONOR, INC., UPONOR NORTH AMERICA, INC. (collectively "UPONOR") and all joined defendants, including Defendants UNITED PLUMBING, LLC. ("UNITED") and FERGUSON ENTERPRISES, INC ("FERGUSON"). Plaintiffs EDWIN SLAUGHTER, REBECCA FLINN, and MEL and CAROL HEALEY ("PLAINTIFFS") assert UPONOR designed, manufactured, and distributed Wirsbo fittings which were defective. Plaintiffs allege that Wirsbo fittings were installed in their homes. Plaintiffs brought this suit on behalf of all people similarly situated.

The following is the factual background of this matter:

1. On July 28, 2008, Plaintiffs filed their initial Complaint in Nevada state court.

2. The case was removed to United States District Court, District of Nevada on September 15, 2008. (Docket #1)

3. Plaintiffs filed a Motion to Remand on October 14, 2008. (Docket #17)

4. UPONOR filed a Motion to Dismiss on November 6, 2008. (Docket #51)

5. This Court denied Plaintiffs' motion as well as UPONOR's motion on March 5, 2009. (Docket #94)

6. A proposed discovery plan was filed on April 3, 2009, in which it was agreed that general discovery would be completed within two years. However, Defendants felt that class discovery was necessary. (Docket #98)

7. On April 20, 2009, the court set discovery deadlines of one year and ordered the parties to meet and confer to set an initial joint disclosures deadlines. (Docket #113)

8. On April 20, 2009, PLAINTIFFS filed their Motion to Certify Class pursuant to Federal Rule of Civil Procedure 23(b)(3) ("Motion"). (Docket #110)

No discovery has been completed at this time. Defendants UNITED and FERGUSON now move this Court to grant its Emergency Motion on Order Shortening Time and its Motion to conduct Pre-Certification Class Discovery.

## II.

## ARGUMENT

**A. Class certification is unwarranted until class discovery is completed because the class at this time is not sufficiently defined.**

As this Court cogently noted, Plaintiffs must satisfy the class certification requirements of numerosity, commonality, typicality, and adequacy of representation. See Clark v. Guinn, 2007 WL 1435428 *1, *25 (D.Nev. 2007) (Jones, J.) Fed.R.Civ.P. 23 provides the requirements for a class action, which are Plaintiffs' burden to establish. See Parra v. Bashas', Inc., 536 F.3d 975, 978 (9th Cir. 2008) (stating Rule 23 requirements establish a class action); Lozano v. AT&T Wireless Servs., Inc., 504 F.3d 718, 724 (9th Cir. 2007) ("Class certifications are governed by Federal Rule of Civil Procedure 23."); see also Doninger v. Pac. Nw. Bell, Inc., 564 F.2d 1304, 1308 (9th Cir. 1977). Rule 23(a) requires Plaintiffs to establish the following:

> (1) the class is so numerous that joiner of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

In addition to the requirements of Rule 23(a), a class action can only be maintained if Plaintiffs' action falls under one of the three defined categories enumerated under Rule 23(b). See Parra, 536 F.3d at 978 ("Rule 23(b) provides three additional requirements for bringing a class action, one of which must be met in order to bring the action."). Plaintiffs are required to demonstrate that all requirements of 23(a), as well as at least one requirement of Rule 23(b), have been met. See Lozano, 504 F.3d at 724 (citing Zinser v. Accufix Research Inst., Inc., 253 F.3d 1180, 1186 (9th Cir. 2001)).

Plaintiffs assert their Motion for Class Certification pursuant to Fed.R.Civ.P. 23(b)(3). Rule 23(b)(3) requires the court to find that questions of law or fact predominate over questions affecting individual class members and that the class action is the superior method to adjudicate the controversy. See Fed.R.Civ.P. 23(b)(3). The Ninth Circuit has long held that the "district court must conduct a 'rigorous analysis' into whether the prerequisites of Rule 23 are met before certifying a class." Valentino v. Carter-Wallace, Inc., 97 F.3d 1227, 1233 (9th Cir. 1996) (citing In re Am. Med. Sys., 75 F.3d 1069 (6th Cir. 1996)).

Although the Court is required to certify a class "[a]t an early practicable time after a person sues or is sued as a class representative," Fed.R.Civ.P. 23(c)(1)(A), class certification may not be warranted until discovery has been completed to resolve issues that define the class. Kamm v. California City Dev. Co., 509 F.2d 205, 210 (9th Cir. 1975); Doninger, 564 F.2d at 1312-13; Picus v. Wal-Mart Stores, Inc., ___ F.R.D. ___, 2009 WL 667419 *1, *2 (D.Nev. 2009). "The propriety of a class action cannot be determined in some cases without discovery, as for example, where discovery is necessary to determine the existence of a class or a set of subclasses." Doninger, 564 F.2d at 1313; see also Kamm, 509 F.2d at 210.

Defining the class is a key determination at the certification stage and requires the definition to be precise, objective, and presently ascertainable and cannot be based on bare allegations. See In re Wal-Mart Wage and Hour Employment Practices Litig., 2008 WL 3179315 *1, *20 (D.Nev. 2008) (slip copy) (stating class definition should be precise, objective and ascertainable); Stevens v. Harper, 213 F.R.D. 358, 378 (E.D.Cal. 2002) (stating motions for certification are fact specific and require more than allegations). "[B]ecause motions for class certification are fact-specific, and therefore, the outcome of these motions will vary based on the specific facts of the case, a careful analysis of class certification issues may not be possible where the plaintiffs' claims are broad and the factual record is undeveloped." Stevens, 213 F.R.D. at 378 (quotation and citation omitted). The best course is to allow discovery to better determine the shape and form of the class action. Picus, ___ F.R.D. ___, 2009 WL 667419 at *2. To determine whether such discovery is warranted, the court must consider (1) the need for discovery; (2) the time required; and (3) the probability that discovery will resolve any factual issue necessary for the determination. Kamm, 509 F.2d at 210.

Plaintiffs move this Court to certify their class, before any discovery has been completed, pursuant to Fed.R.Civ.P. 23(b)(3) based, in part, on UPONOR's claim of installation of their product by Defendant INTERSTATE PLUMBING AND AIR CONDITIONING, LLC. ("INTERSTATE PLUMBING") in allegedly over 4,000 homes. (See Plts.' Mot. to Certify Class at p.20, ¶2, hereinafter Exhibit A). This assertion does not provide any ability to determine whether all, some or none of the 'over 4,000 homes' have the allegedly problematic yellow brass

fittings or different kind or kinds of brass that would result in no class, one class or subclasses. Plaintiffs further allege that common issues predominate over individual issues of class members because the Wirsbo fittings were defective when designed and manufactured. (Id. at p.12, ll. 11-13). Yet Plaintiffs do not know how many persons are in the class, but believe it to be in the "tens of thousands." (Id. at p.5, ll. 20-24). Plaintiffs' recently stated to Magistrate Judge Foley that there are potentially 100,000 homes at issue in this case. Plaintiffs' Motion is premature because more discovery is required to make a fact-specific record regarding the class.

**1. Discovery is necessary at this time because Plaintiffs have not precisely defined the class, but rely on mere allegations such that the class is not ascertainable at this time.**

The first consideration for the Court is whether discovery is needed to further define the class or any subclasses. See Kamm, 509 F.2d at 210. Plaintiffs seek to certify their class by simply citing to a case study in which UPONOR claims INTERSTATE PLUMBING has completed over 4,000 installations of the Wirsbo Aquapex. (See Ex. 1 at p.20, ¶2). Plaintiffs define the class in their Motion as:

> Any owner of a residence in Clark County, Nevada, and/or any entity responsible for a common area in a residential community in Clark County, Nevada, that contains yellow brass fitting as part of an UPONOR plumbing system manufactured, sold, and/or marketed under the trade names "Wirsbo," "Wirsbo Aquapex," or "Aquapex."

(See id. at p.3, ll. 12-14). However, Plaintiffs themselves do not know the size of the class, but state they believe it could be as much as "tens of thousands." (See Ex. 1 at p.5, ll. 20-24). Plaintiffs recently stated to Magistrate Judge Foley that there are potentially 100,000 homes at issue in this case. Further discovery is warranted at this time because the class is too broad. For instance, consideration must be given to any warranty Plaintiffs' claim were made with the products, or whether statute of limitations issues preclude members in the class. Finally, Plaintiffs have not alleged any damage by the UPONOR products. This defines the proposed class in such a manner that class membership cannot be identified until the merits are resolved and is inappropriate. See In re Wal-Mart, 2008 WL 3179315 at *20 (slip copy).

Clearly, the first prong of the discovery test is at issue. There is discovery which is needed to determine the nature and extent of the class and the class representatives fitness as to

the alleged universality of the issues. UPONOR has requested discovery to be conducted with respect to the current class representatives as well as of the supporting expert affidavit. (See, letter dated April 22, 2009, attached as Exhibit B). INTERSTATE PLUMBING has also requested class discovery. (See, letter dated April 27, 2009, attached as Exhibit C). The expert affidavit does not even evidence testing of the three allegedly representative class members. (See Ex. A at p.23, ¶ 3). As the instant Motion for Class Certification is very thin in its facts yet tremendously broad in its allegations (3 homes out of a class potentially exceeding 100,000) as well as overly general in its assertions about the "universality" of problems, the actual definition of the class is still uncertain and further discovery is necessary to determine whether a class truly exists and if the determination is that there is evidence of a class, whether subclasses are appropriate. The current limited sample of three homes is not precise, objective nor is the class ascertainable and calls out for further discovery based upon these most bare of allegations.

Further evidence of Plaintiffs' clearly overly broad and unascertainable proposed class definition is the fact that Plaintiffs also included "entities responsible for common areas" in their Motion for Class Certification and class definition. (Id. at p.3, ll. 12-14). It was expressed and understood that all Plaintiffs were single-family homeowners, not unidentified "entities." If such allegations are included in their class definition, then further discovery is required to determine whether such entities belong in Plaintiffs' class, a subclass, or no class at all. Regardless, further discovery is both warranted and required in this case before the class be can be certified.

**2. Defendants believe proper discovery can be completed within 120 days.**

The second consideration of the Court is how much time is necessary to conduct pre-certification discovery. See Kamm, 509 F.2d at 210. Plaintiffs have brought their certification motion before any discovery has been completed, and the record is unclear. Plaintiffs have been representing that the class is potentially in excess of 100,000 homes. Even they are unsure as to the potential extent of the class at this time.

UPONOR and INTERSTATE PLUMBING have proposed discovery to be taken in this case. There are depositions of the known plaintiffs, as well as the expert whose report is attached

to Plaintiffs' motion for Class Certification. There is also the need to investigate installation as well as the exact products involved specifically to determine the issue of subclasses and the existence of or extent of a potential class. The discovery proposed is as follows:

1. Site inspection of each class representatives' resident and possible destructive testing of plumbing system components/fitting contained in those homes.

2. Access to every Wirbo fitting that has been extracted from the class representatives' residences.

3. Identity of any homes where Plaintiffs have performed (or caused to be performed) an investigation of Wirsbo fitting, in addition to the class representatives' residences.

4. Access to any Wirsbo Fitting extracted from the homes identified in response to paragraph 3 above.

5. Deposition of each class representative.

6. Deposition of Dr. Coates with regard to the statements made in his affidavit attached as Exhibit B to the Motion for Class Certification.

7. Access to all Wirsbo fittings or other Wirsbo related materials examined, considered or relied on by Dr. Coates, as referenced in his affidavit.

8. Production of information relating to the developments allegedly involved in the class, the types of plumbing involved in those homes (i.e. manifold or non-manifold systems), and information regarding the dates of construction of those homes.

9. Production of information relating to any plumbing system dezincification issues in the properties identified in response to Paragraphs 3 and 8.

10. Production of information relating to the water sources for the homes identified in response to paragraphs 3 and 8.

11. The identity of any address where there is alleged to exist evidence of dezincification of the Wirsbo plumbing system, specifically as to the aspects of the system at issue in this litigation, as well as any related documents in the possession or under the control of Plaintiffs.

Defendants UNITED and FERGUSON believe that this discovery is warranted in consideration

of Plaintiffs' claim that thousands of Clark County homes are potentially affected. Such discovery will ensure this Court makes a class certification on a record that has sufficient factual basis, and does not rely on mere allegations.

### 3. Further Discovery will result in a fuller factual record necessary to determine the case.

A final consideration for the Court is "the probability of discovery resolving any factual issue necessary for the determination." Kamm, 509 F.2d at 210. In this case, Plaintiffs have based their entire class action on two things. First, as noted above, Plaintiffs rely on a case study which alleges, without any factual context, that UPONOR's product has been installed by INTERSTATE PLUMBING in nearly 4,000 homes, even though no mention is made of the type of brass fittings used. (See Ex. 1 at p.20, ¶ 2). Second, Plaintiffs have an unsubstantiated affidavit in which a metallurgical engineer, Dr. David Coates, claims his testing has found high zinc (yellow) brass Wirsbo fittings to be defective without identifying a single address from which he obtained such fittings. (See Ex. 1 at p.23, ¶ 3). From this, Plaintiffs claim they, and other class members who have Wirsbo fittings, have been damaged. Plaintiffs Motion is devoid of any facts, but rely on mere allegations and oversimplified generalizations to support their request for class certification.

Finally, Plaintiffs state that they are homeowners. (See Ex. 1 at p.1, ln. 22). However, in their Motion for Class Certification and class definition, Plaintiffs have stated they also represent "entities responsible for a common area in a residential community." Plaintiffs' Motion fails to state how they in fact represent such entities. Plaintiffs' have not provided the sufficient factual context necessary for this Court to make a determination that class certification is warranted at this time.

### B. Pre-class certification discovery is preferred.

This Court has previously followed well establish Ninth Circuit case law and espoused that class certification before any class discovery has been completed is premature. See Clark, 2007 WL 1435428 at *26 (stating pre-certification discovery is preferred before deciding to certify a class). The Ninth Circuit has been very clear that prudence in class certification requires a clear record based on fact, not on mere allegations. See Kamm, 509 F.2d at 209-10 (stating

pre-certification discovery may be required and the district court should look at need, time and probability of factual discovery when deciding to allow such discovery); Doninger, 564 F.2d at 1313 (stating better practice is to allow discovery to determine if class action is maintainable); Valentino, 97 F.3d at 1233 (holding "rigorous analysis" when determining if requirements of Rule 23 are met); Picus, ___ F.R.D. ___, 2009 WL 667419 at *2 (stating discovery may be necessary in ascertaining a class); In re Wal-Mart, 2008 WL 3179315 at *20 (stating how to define a class is a key determination at the certification stage) (slip copy); Stevens, 213 F.R.D. at 378 (stating more than bare allegations are required for class certification). Where insufficient facts exist to objectively define and ascertain a class, class discovery is not only appropriate but required. Therefore, UNITED and FERGUSON believe this Court should follow the well-established jurisprudence and require discovery on class issues to be completed before making a decision on Plaintiffs requested class certification.

///

///

///

### III.

### CONCLUSION

The Court should grant UNITED and FERGUSON's Emergency Motion on Order for Shortening Time and Motion for Pre-Certification Class Discovery. Plaintiff's have sought class certification prematurely. Plaintiffs are trying to certify a class which they themselves have stated ranged from 3 Plaintiffs in excess of 100,000 potential plaintiffs. Furthermore, Plaintiffs's own class definition includes entities, even though the named Plaintiffs are individual, single-family homeowners. There is too much confusion as to who and how much at this time. Class discovery is needed to refine and tighten the class definition. Class discovery will provide a full record and resolve factual issues in this case.

RESPECTFULLY SUBMITTED this 29th day of April, 2009.

OLSON, CANNON, GORMLEY
& DESRUISSEAUX

By /s/ Philip S. Gerson
PHILIP S. GERSON, ESQ.
Nevada Bar No. 5964
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
Attorney for Defendants
Ferguson Enterprises, Inc.
and United Plumbing, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of April, 2009, I did serve a copy of the foregoing **EMERGENCY MOTION FOR ORDER SHORTENING TIME AND MOTION TO CONDUCT PRE-CERTIFICATION CLASS DISCOVERY**, was served on all parties or persons requesting notice via the United States District Court CM/ECF system.

_____
AN EMPLOYEE OF OLSON, CANNON,
GORMLEY & DESRUISSEAUX