UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| EDWIN K. SLAUGHTER et al., | ) | |
| | ) | |
| Plaintiffs, | ) | 2:08-cv-01223-RCJ-GWF |
| vs. | ) | |
| | ) | |
| UPONOR, INC. et al., | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |

This case is a class action products liability lawsuit against Defendants, who manufactured, marketed, distributed, and/or installed allegedly defective plumbing components, which Plaintiffs allege caused harm, or are likely to cause harm in the future, to their residences located in Clark County, Nevada. The case has been dismissed with prejudice. Before the Court are Plaintiffs' Motion to Alter or Amend Judgment or, in the Alternative to Vacate or Amend Order (#356); Motion to Intervene for Purposes of Appeal (#357); and Motion to Strike Plaintiffs' Supplement (#381). For the reasons given herein, the Court denies Plaintiffs' Motion to Alter or Amend Judgment or, in the Alternative to Vacate or Amend Order (#356); denies the Motion to Intervene for Purposes of Appeal (#357); and grants the Motion to Strike Plaintiffs' Supplement (#381).

**I.   FACTS AND PROCEDURAL HISTORY**

On July 28, 2008, Plaintiffs Edwin K. Slaughter, Rebecca Flinn, Mel Healey, and Carol Healey filed the present cause of action, on behalf of themselves and all others similarly situated, in

the District Court for Clark County, Nevada. (#1, Ex. A). Defendants United and Ferguson, *inter alios*, are engaged in the business of designing, developing, manufacturing, distributing, marketing, selling, and/or installing the Wirsbo PEX plumbing system, Wirsbo brass fittings, and other plumbing materials.

Plaintiffs allege that the Wirsbo brass fittings installed in certain residences throughout Clark County, Nevada were defective. Plaintiffs allege that the Wirsbo fittings reacted with the water in Clark County in such a manner as to cause a chemical reaction known as dezincification. As a result of dezincification, Plaintiffs allege that zink leached out of the Wirsbo brass fittings, which impaired the plumbing systems. Plaintiffs sued in state court under the following theories of liability: (1) product liability; (2) strict liability; (3) breach of express warranty; (4) breach of implied warranty; (5) breach of warranty of merchantability; and (6) negligence. On September 15, 2008, Defendants removed the lawsuit from state court to federal court pursuant to the Class Action Fairness Act ("CAFA"). (#1). While a motion to certify was pending, the Court granted Plaintiffs' Motion for Voluntary Dismissal (#285) in part, dismissing the case, but with prejudice. (*See* #349).

## II.   LEGAL STANDARDS

### A.   Rule 59(e)

Motions for clarification are properly considered under Rule 59(e), not under Rule 60(b). *See Barry v. Bowen*, 825 F.2d 1324, 1328 (9th Cir. 1987). A motion to alter or amend a judgment under Rule 59(e) must be made within twenty-eight (28) days of entry of judgment. Fed. R. Civ. P. 59(e). Here, the order sought to be altered was entered on January 27, 2010, and the present motion was filed twenty-eight days later on February 24, 2010. Therefore the motion to reconsider is timely under Rule 59(e). A district court's decision on a motion to amend a judgment pursuant to Rule 59(e) is reviewed for an abuse of discretion. *See McQuillion v. Duncan*, 342 F.3d 1012, 1014 (9th Cir. 2003).

**B.     Rule 24(a)(2)**

> On timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a), (a)(2).  There are four requirements for intervention as of right under Rule 24(a): (1) the intervention must be timely; (2) the movant must have a sufficiently protectable interest relating to the subject of the action; (3) the movant must be so situated that the disposition of the action may result in the practical impairment of the party's ability to protect that interest; and (4) the movant's interest must not be adequately represented by the existing parties to the lawsuit. *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 817 (9th Cir. 2001).  Additionally, parties may move to intervene pursuant to Fed. R. Civ. P. 24(b), which governs permissive intervention. A court may, at its discretion, allow a party to intervene where it has a claim or defense that shares a common question of law or fact with the existing action. Fed. R. Civ. P. 24(b).

A district court's decision regarding intervention as a matter of right is reviewed de novo. *See Prete v. Bradbury*, 438 F.3d 949, 953 (9th Cir. 2006).  A district court's decision regardnig permissive intervention is reviewed for an abuse of discretion. *See Prete v. Bradbury*, 438 F.3d 949, 954 n.6 (9th Cir. 2006).  A district court's determination whether an application to intervene is timely is reviewed for an abuse of discretion. *See United States v. Alisal Water Corp.*, 370 F.3d 915, 918–19 (9th Cir. 2004).

**C.     Rule 12(f)**

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  A district court's ruling on a motion to strike is reviewed for an abuse of discretion. *See Hambleton Bros. Lumber Co. v. Balkin Enters., Inc.*, 397 F.3d 1217, 1224 n.4 (9th Cir. 2005).

### III. ANALYSIS

#### A. Ferguson's Motion to Strike Plaintiffs' Supplement and Plaintiffs' Motion to Alter or Amend Judgment or, in the Alternative to Vacate or Amend Order

Plaintiffs request that the Court amend the January 27, 2010 order (#349) dismissing the case ("the Dismissal Order") to note that the Court's January 25, 2010 order (#348) denying Defendants' motion for a permanent injunction ("the PI Order") no longer has any effect. As a preliminary matter, Ferguson has moved under Rule 12(f) to strike Plaintiffs' Supplement. (*See* #381). Ferguson argues that the Supplement is a "fugitive" document filed without leave of the Court and moves to strike it because: (1) it is "immaterial and impertinent"; (2) it was filed without leave of the Court, causing a hardship to Defendants; (3) it includes references to inadmissible evidence; and (4) it involves non-parties or parties who have elected alternative remedies apart from the present suit.

Plaintiffs' Supplement notes that on March 2, 2010 Defendant Interstate Plumbing & Air Conditioning, LLC ("Interstate") responded by letter to non-party VegasStar Condominium Association, Inc.'s Chapter 40 notice claiming that the Dismissal Order bars putative class members not only from pursuing joining a class action while simultaneously pursuing Chapter 40 claims, but that it bars them from pursuing Chapter 40 claims at all:

> [P]lease be advised that as a result of the fact that litigation has been commenced against [Interstate] on behalf of the owners of all real property in Clark County where a Wirsbo plumbing system has been installed, without the property owners or related homeowners associations having complied with the express provisions of NRS 40.645, any rights to pursue causes of action against [Interstate] pursuant to NRS 40.600 et seq. have been waived by or on behalf of your client.

(#374, Ex. B, at 3). Evidence that the Dismissal Order has been misinterpreted, or even argumentation concerning ways in which it might be misinterpreted, is relevant to whether an amendment of the order would help to clarify it.[1] Still, the Supplement was filed only ten days

---

[1] Incidentally, the Dismissal Order almost certainly does not prevent Chapter 40 claims by former putative class members, nor was it designed to do so. Former putative class members will

before responses to the original motion were due, and without leave. (*See* #368; #374). The Court grants the motion to strike.

This brings the Court to the substance of Plaintiffs' motion. Plaintiffs ask the Court to amend the Dismissal Order to announce that the PI Order no longer has any force or effect. Specifically, Plaintiffs ask the Court to rule that its previous ruling—that simultaneous prosecution of Chapter 40 claims and a class action based on the same alleged tort constitute duplicative actions—is a nullity in light of dismissal of the case with prejudice. Plaintiffs presumably desire such a pronouncement so that they may commence a class action in state court (or perhaps even in federal court) while simultaneously pursuing separate Chapter 40 proceedings. This Court's amendment of the Dismissal Order in the way Plaintiffs' desire could not have the effect Plaintiffs apparently seek. The efficacy of the PI Order as of dismissal of this case is a question that a future court with jurisdiction over a pending matter must decide for itself. This Court's own view on the res judicata effect of its orders has no force in another court. Plaintiffs must cite the res judicata case law to the court they wish to persuade to honor or ignore this Court's prior rulings, and that court must then determine those rulings' res judicata effect. But this Court cannot pronounce the res judicata effect of its own rulings by fiat, as if it had unlimited and preemptive appellate jurisdiction over any trial court that might consider the question in the future.

Still, there is the possibility that a Defendant may in the future request this Court to stay state

---

have to await a ruling in state court whether this Court's order bars a Chapter 40 (or other) action in state court. This Court simply ruled that putative class members could not simultaneously pursue Chapter 40 remedies and join a separate class action based on the same alleged tort and thereby make Defendants defend twice against the same cause of action. But the Court specifically stated that putative class members had the right to elect Chapter 40 remedies. Another court will have to determine whether Chapter 40 remedies have been waived as a matter of law simply because the present, now-dismissed class action lawsuit was brought before Chapter 40 procedures were initiated—this appears to be Interstate's position in the unrelated matter—but this Court has never ruled on that question.

court proceedings initiated by a Plaintiff on the ground that such proceedings would conflict with the PI Order.[2]  Because this is a possibility, the initial inclination might be to assume that the Court must examine whether the PI Order can have any effect in light of the dismissal of the case with prejudice (Plaintiffs argue that it cannot) and amend the Dismissal Order to clarify this.  However, the Court will not amend the Dismissal order at this time, because the Court will have to examine the question only if a Defendant in this case applies for an injunction against a state court proceeding that it views to be barred by the PI Order.  At that time, and not before, will the Court have the facts required to determine whether an injunction against a state court proceeding is required to protect the efficacy of the PI Order.

Moreover, Plaintiffs' argument that the dismissal with prejudice leaves the action as if had never been filed is incorrect.  A dismissal with prejudice operates as a final judgment on the merits. *See Hells Canyon Preservation Council v. U.S. Forest Serv.*, 403 F.3d 683, 686 (9th Cir. 2005). Plaintiffs cite *City of S. Pasadena v. Mineta*, 284 F.3d 1154, 1157 (9th Cir. 2002), for the former proposition, but *Mineta* involved a voluntary dismissal *without* prejudice. *See id.*  Here, the Court considered the request to dismiss without prejudice, but it dismissed the case with prejudice because Plaintiffs' claims were duplicative of Chapter 40 actions they had filed.  The Court therefore denies the motion to alter or amend judgment.

### B. Motion to Intervene for Purposes of Appeal

Several former putative class members seek to intervene for the purposes of appeal.  They claim they have an interest in the property or subject of the transaction because the PI Order notes that not only the named Plaintiffs, but also putative class members, are prohibited from pursuing

---

[2] A federal court may enjoin state court proceedings in aid of its jurisdiction or to protect or effectuate its judgments. *See* 28 U.S.C. §§ 1651, 2283.  Here, the Court no longer has jurisdiction by virtue of the dismissal, but the Court may issue a writ to protect the efficacy of the PI Order. *See* § 2283.

their claims against Defendants simultaneously in a direct court action and through the Chapter 40 procedures, which is a mandatory statutory prelude to a court action.

First, the intervention is timely. It was filed within a month of dismissal, and on the same day as the notice of appeal. No party would prejudiced by intervention. Second, movants have a sufficiently protectable interest relating to the subject of the action, because they apparently claim the right to pursue Chapter 40 claims and simultaneously pursue a class action based on the same underlying harm. The Court has ruled otherwise, but the question is whether the interest at stake—remedies available for actual or anticipated damage to real or personal property due to a defective product—is sufficiently protectable. It is. Third, intervenors are not so situated that the disposition of the action may result in the practical impairment of their ability to protect their interests. The class has not been certified, so intervenors' interests may be slightly divergent from those of the named Plaintiffs, but intervenors and named Plaintiffs are represented by the same counsel, which would not be ethically possible were there a conflict of interests, and which would be unlikely if intervenors perceived such a conflict. Fourth, intervenors' interests are adequately represented by the named Plaintiffs, who have filed a notice of appeal along with the intervenors. (*See* #358). The third and fourth factors weigh more heavily than the first two factors here. The Court denies the Motion to Intervene.

## CONCLUSION

IT IS HEREBY ORDERED that Ferguson's Motion to Strike Plaintiffs' Supplement (#381) is GRANTED.

IT IS FURTHER ORDERED that Plaintiffs' Motion to Alter or Amend Judgment or, in the Alternative to Vacate or Amend Order (#356) is DENIED.

IT IS FURTHER ORDERED that the Motion to Intervene for Purposes of Appeal (#357) is DENIED.

1  IT IS FURTHER ORDERED that Defendants' Motion to Strike New Arguments (#407) and Motion to File Surreply (#408) are DENIED, and Plaintiffs' Motion to Strike Supplemental Brief (#412) is GRANTED.

DATED: This __18th__ day of May, 2010.

_____
ROBERT C. JONES
United States District Judge