# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| EDWIN K. SLAUGHTER, et al., | 2:08-CV-01223-RCJ-(GWF) |
| Plaintiffs, | |
| v. | **ORDER** |
| UPONOR, INC., et al., | |
| Defendants. | |

This case is a class action products liability lawsuit regarding allegedly defective plumbing components. Defendants allegedly manufactured, marketed, distributed, and/or installed allegedly defective plumbing components. Defendants are Uponor, Inc. and Uponor North America (collectively, "Uponor"); RCR Plumbing and Mechanical, Inc. ("RCR"); Interstate Plumbing & Air Conditioning ("Interstate"); United Plumbing, LLC ("United"); Ferguson Enterprises, Inc. ("Ferguson"); Hughes Water & Sewer LP ("Hughes"); Standard Wholesale Supply Company ("Standard"); HD Supply Construction Company, Limited Partnership ("HD") (all defendants, collectively, "Defendants"). Edwin K. Slaughter, Rebecca Flinn, Mel Healey, and Carol Healey (collectively, "Plaintiffs") allege that the defective plumbing components caused harm, or are likely to cause harm in the future, to their residences located in Clark County, Nevada.

Now before the Court is Plaintiff's Motion for Re-Taxation of Costs filed on June 4, 2010 (#432). Hughes filed an opposition on June 17, 2010 (#435) and Plaintiff filed a reply on June 28, 2010 (#446); Interstate filed an opposition on June 21, 2010 (#438); United filed an

1

opposition on June 21, 2010 (#441); and Ferguson filed an opposition on June 22, 2010 (#443). Plaintiff subsequently filed a reply to these oppositions on July 1, 2010 (#447). The Court heard oral argument on August 13, 2010. The Court now issues the following order.

IT IS HEREBY ORDERED that Plaintiff's Motion for Re-Taxation of Costs (#432) is GRANTED IN PART AND DENIED IN PART as follows:

| PARTY | COSTS BEFORE RETAX | COSTS AFTER RETAX |
|---|---|---|
| United & Ferguson | $21,551.16 | $14,554.77 |
| Hughes | $5,898.05 | $5,304.37 |
| Interstate | $17,178.44 | $15,469.00 |
| United | $70,122.41 | $10,911.29 |

## I. BACKGROUND

On July 28, 2008, Plaintiffs filed the present cause of action, on behalf of themselves and all others similarly situated, in the District Court for Clark County, Nevada. (Pet. for Removal (#1), Ex. 1). Defendants are engaged in the business of designing, developing, manufacturing, distributing, marketing, selling, and/or installing the Wirsbo PEX plumbing system, Wirsbo brass fittings, and other plumbing materials. (*Id.* at ¶¶ 5–11).

Plaintiffs alleged that the Wirsbo brass fittings installed in certain residences throughout Clark County, Nevada were defective. The Wirsbo fittings allegedly reacted with the water in Clark County in such a manner as to cause a chemical reaction known as dezincification. As a result of dezincification, Plaintiffs further alleged that zinc leached out of the Wirsbo brass fittings, which impaired residences' plumbing systems and homes. (*Id.* at ¶¶ 22–33). Plaintiffs filed suit under the following theories of liability: (1) product liability; (2) strict liability; (3) breach of express warranty; (4) breach of implied warranty; (5) breach of warranty of merchantability; and (6) negligence. (*Id.* at ¶¶ 34–93).

On September 15, 2008, Defendants removed the lawsuit from state court to federal court pursuant to the Class Action Fairness Act ("CAFA") because: (i) the amount in controversy exceeded $5,000,000; (ii) there was diversity of citizenship between Plaintiffs and

more than one Defendant; and (iii) Plaintiffs claimed more than 100 class members. (Pet. for Removal (#1)). On December 7, 2009, Plaintiff filed a Motion for Voluntary Dismissal (#285). The Court granted Plaintiff's motion, dismissing the entire action with prejudice. (*See* Order (#349)).

On February 10, the following parties each filed a motion for attorneys' fees: Ferguson (#350); United (#351); Hughes (#352); RCR (#353); and Interstate (#354). The Court heard oral arguments on May 10, 2010, and ordered 100 percent of costs and one-fifth of fees. (Mins. of Proceedings (#417)).

## II. ANALYSIS

"Unless a federal statute, these rules, or a court order provides otherwise, costs–other than attorney's fees–should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1); see also LR 54-1(a) ("Unless otherwise ordered by the court, the prevailing party shall be entitled to reasonable costs.").

> Every bill of costs and disbursements shall be verified and distinctly set forth each item so that its nature can be readily understood. The bill of costs shall state that the items are correct and that the services and disbursements have been actually and necessarily provided and made. An itemization and, where available, documentation of requested costs in all categories must be attached to the bill of costs.

Local Rule 54-1(b). The party seeking costs bears the burden of proving the amount of compensable costs. *Allison v. Bank One-Denver*, 289 F.3d 1223, 1248–49 (10th Cir. 2002).

### A. Plaintiffs Did Not Waive Their Right to Object

Defendants objected to Plaintiffs' Motion for Re-Taxation of Costs (#432) on the basis that Plaintiffs waived the right to object because new issues cannot be raised for the first time in a reply brief, and Plaintiffs had failed to object to Defendants' initial bill of costs. (*See* Hughes Opp'n (#435) at 2:9–20; Interstate Opp'n (#438) at 2:9–15; United Opp'n (#442) at 6:14–20). The argument revolves around the concept that a party must timely respond to pleadings with any and all arguments available to the party or otherwise have them waived. *See, e.g.*, *Delgadillo v. Woodford*, 527 F.3d 919, 930 n.4 (9th Cir. 2008) ("Arguments raised for the first time in petitioner's reply brief are deemed waived."). Although Plaintiffs did not go

through a line-by-line recitation of the disputed claims in objecting to the original initial bill of costs during oral arguments, Plaintiffs' did generally refer to failures by the parties to conform the bill of costs to the applicable federal and local rules. (*See* Mins. of Proceedings (#416) at 32:14–41:2). The Court's request that the parties file an amended bill of costs was based in part upon these objections. (*See* Mins. of Proceedings (#416) at 61:11–21). Hence, Plaintiffs are not raising new issues for the first time in a reply brief, and Plaintiffs did not fail to object to Defendants' initial bill of costs.

### B.    Ferguson and United

Ferguson and United argue that the $186.00 cost for obtaining a transcript of the pretrial proceedings is taxable because the transcripts were used in support of pleadings they filed in this litigation. (*See* Ferguson and United Opp'n (#443) at 4:13–19). However, "[t]ranscripts of pretrial, trial, and post-trial proceedings are not taxable unless either requested by the court or prepared pursuant to stipulation approved by the court." LR 54-3. As these transcripts have not been requested by the Court or prepared pursuant to a stipulation approved by the Court, the $186.00 transcript cost is not taxable.

"The cost of a deposition transcript (either the original or a copy, but not both) is taxable whether taken solely for discovery or for use at trial." LR 54-4. Ferguson and United argue that the $250.00 cost for obtaining a videotape transcript of Richard Houle's deposition after obtaining a written transcript of the same deposition is taxable because both transcripts are needed to have "one complete copy." (*See* Ferguson and United Opp'n (#443) at 4:11–12). The Ninth Circuit has not made a clear determination of whether videotape transcripts and written depositions can both be taxed. The remaining circuits are divided on this question. (*See, e.g., Cherry v. Champion Int'l Corp.*, 186 F.3d 442, 449 (4th Cir. 1999) (awarding only transcription cost where there was no showing that videotaping was necessary); *Tilton v. Capital Cities*, 115 F.3d 1471, 1478 (9th Cir. 1997) (permitting taxation of videotape transcript if "necessarily obtained for use in the case"). Nonetheless, in *Nicolaus v. West Side Transport, Inc.*, the District Court of Nevada held "the costs of videotaping and transcribing a deposition [both] taxable." 185 F.R.D. 608, 612 n. 2 (D. Nev. 1999). Further,

4

1  videotape transcripts and written transcripts each have distinct benefits.  Videotape may
2  provide insight into the demeanor and bearing of a witness, while a written transcript ensures
3  consistency in the written record regarding statements made during the deposition.  As such,
4  the $250.00 cost for obtaining the video transcript are taxable.

5        The $6,810.39 regarding the copying and/or exemplification costs claimed by Ferguson
6  and United are not taxable under 28 U.S.C. § 1920 as interpreted by Local Rules of the United
7  States District Court of the District of Nevada.

> The cost of copies of an exhibit necessarily attached to a document required to be filed and served is taxable. Cost of one (1) copy of a document is taxable when the copy is admitted into evidence in lieu of an original because the original is either not available or is not introduced at the request of opposing counsel. The cost of copies submitted in lieu of originals because of the convenience of offering counsel or counsel's client is not taxable. The cost of reproducing copies of motions, pleadings, notices and other routine case papers is not allowable. The cost of copies obtained for counsel's own use is not taxable.

13 LR 54-6(a).  While Ferguson and United cite to *Haagen-Dazs Co., Inc. v. Double Rainbow*
14 *Gourmet Ice Creams, Inc.*, 920 F.2d 587 (9th Cir. 1990), and *Disc Golf Assn., Inc. v.*
15 *Champion Discs, Inc.*, 158 F.3d 1002 (9th Cir. 1998), neither of these cases are applicable
16 to the current case.  *Haagen-Dazs Co., Inc.* and *Double Rainbow Gourmet Ice Creams, Inc.*
17 apply Local Rule 54-3 of the United States District Court for the Norther District of California,
18 which contains a broader definition of what copying and/or exemplification costs are taxable.
19 The local rules applicable to this Court narrow the allowed taxable items under 28 U.S.C. §
20 1920 to "copies of exhibits necessarily attached to a document to be filed and served."  LR
21 54-6(a).  As such, the $6,810.39 amount is nontaxable.

22       Therefore, United & Ferguson's costs shall be retaxed from $21,551.16 to $14,554.77.
23 (*See* United & Ferguson's Amended Bill of Costs (#418)).

    **C.**    **Hughes**

25 Plaintiffs objection to Hughes requested a reduction of the Amended Bill of Costs
26 (#419) from $5,898.05 to $5,304.37.  (*See* Pl.'s Mot. (#432) at 9:7–11:10).  Hughes conceded
27 the error and stated in its reply that it was submitting a corrected Bill of Costs in the amount
28 of $5,304.37, but appears to have made a clerical error by using the original amount of

$5,898.05 when adding it to the total amount of fees and costs to be awarded. (*See* Hughes Amended Order (#436) at 7:10–13).

Therefore, Hughes' costs shall be retaxed from $5,898.05 to $5,304.37. (*See* Hughes' Bill of Costs (#419)).

### D.   Interstate

The objections related to Interstate are based on: (1) costs related to transcripts of pretrial proceedings not requested by the court or prepared pursuant to stipulation by the court; (2) obtaining multiple transcriptions of the same deposition; and (3) copying and/or exemplification of documents that were not filed and served or admitted into evidence in this litigation. Interstate did not address Plaintiffs' claims directly, but rather concluded without support that the costs were taxable and that the district court has the discretion to interpret what constitutes taxable costs. (Interstate Opp'n (#438) at 3:1–4:3).

With respect to the first objection, "[t]ranscripts of pretrial, trial, and post-trial proceedings are not taxable unless either requested by the court or prepared pursuant to stipulation approved by the court." LR 54-3. As Interstate has not shown that the transcripts of the hearings were requested by the Court or prepared pursuant to stipulation approved by the Court, the costs of obtaining hearing transcripts should not be taxable. The costs at issue are $49.50, in connection with a hearing conducted on July 16, 2009, and $15.30, in connection with a hearing conducted on June 26, 2009, for a total of $64.80. (*See* Pl.'s Mot. (#432) at 13:10–14).

However, Plaintiffs objection regarding obtaining "multiple" transcripts of the same deposition merely refer to Interstate's practice of obtaining both video and written transcript formats for depositions. "The cost of a deposition transcript (either the original or a copy, but not both) is taxable whether taken solely for discovery or for use at trial." LR 54-4. This mirrors the argument made in objection to United and Ferguson's practice of doing the same. As such, the same reasoning applies and the costs associated with the deposition transcripts

///

///

that are objected to here are taxable. The costs objected to here and appropriately taxable relate to $440.00 for the video transcripts of the deposition of Alan Carducci. (*See* Pl.'s Mot. (#432) at 13:15–18).

Interstate acknowledges that the amount of $1,644.64 was "mistakenly identified" as docket fees and should have been listed as fees for copying and/or exemplification. (Interstate Opp'n (#438) at 3:1–3:6). However, Interstate has failed to show whether this cost related to documents that were filed and served or admitted into evidence in this litigation under LR 54-6(a). Furthermore, LR 54-7 states that "[t]he cost of enlargements greater than 8" x 10", models, summaries, computations, and statistical comparisons is not taxable except by prior order of the court." LR 54-7. Interstate's invoices indicate that at least some of this cost was attributable to oversize color enlargements. (*See*, *e.g.*, Invoice No. 65579, attached to Interstate's Amended Bill of Costs (#422) at 57). Hence, the $1,644.64 is non-taxable.

Therefore, Interstate's costs shall be retaxed from $17,178.44 to $15,469.00. (*See* Interstate's Amended Bill of Costs (#422)).

**E.   United**

Plaintiffs argue that United's Bill of Costs (#425) should not be awarded in its entirety. In making this argument, Plaintiffs first asserts that United failed to file its Bill of Costs in a timely manner pursuant to LR 54-1. Although the parties base this dispute in part upon whether a final judgment or decree took place that triggered the ten day requirement of LR 54-1, the Court need not address this issue because the Court specifically provided for a briefing schedule. (*See* Order (#349) at 1:20–21). The ten-day requirement does not apply when otherwise ordered by the court. *See* LR 54-1.

Furthermore, Plaintiffs admit that United had previously disclosed at least some of its fees and costs. (*See* Pl.'s Reply (#447) at 10:11–12:6). Hence, United's Bill of Costs can be interpreted as a re-filing of its originally disclosed costs. Contrary to Plaintiffs' argument to the contrary, the Court furthermore explicitly acknowledged the possibility that a re-filing would result in larger amounts of fees and costs, and that the calculation of one hundred percent
///

7

costs and one-fifth fees would apply regardless. (*See* Mins. of Proceedings (#416) at 64:12–66:8).

For the same reasons as addressed with respect to the costs and fees discussed above, the $10,911.28 in deposition costs is taxable and the $59,211.12 in transcription costs is nontaxable pursuant to the local rules. *See* LR 54-4, LR 54-6 and LR 54-7. The $10,911.28 in deposition costs again refer to the argument regarding alleged duplicative fees attributable to obtaining both videotape transcripts and written transcripts of the same depositions. As was established in regard to Interstate as well as Ferguson and United, these fees are taxable. The $59,211.12 in transcription costs for copy/exemplification are nontaxable pursuant to the same arguments made in Interstate as well as Ferguson and United. As there was no evidence that these copies were made in lieu of producing originals or was otherwise taxable under LR 54-6(a), the $59,211.12 is nontaxable.

Therefore, United's costs shall be retaxed from $70,122.41 to $10,911.29. (*See* United Bill of Costs (#425)).

### III. CONCLUSION

Accordingly, IT IS ORDERED that Plaintiff's Motion for Re-Taxation of Costs (#432) is GRANTED IN PART AND DENIED IN PART.

IT IS FURTHER ORDERED that Ferguson Enterprises, Inc. and United Plumbing, LLC are entitled to $14,554.77 in taxable costs.

IT IS FURTHER ORDERED that Hughes Water Sewer, LP is entitled to $5,304.37 in taxable costs.

///
///
///
///
///
///
///

IT IS FURTHER ORDERED that Interstate Plumbing & Air Conditioning is entitled to $15,469.00 in taxable costs.

IT IS FURTHER ORDERED that United Plumbing, LLC is entitled to $10,911.29 in taxable costs.

The Clerk of the Court shall retax costs accordingly.

IT IS SO ORDERED.

DATED: This 20th day of September, 2010.

_____
Robert C. Jones
UNITED STATES DISTRICT JUDGE