# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

EDWIN K. SLAUGHTER, et. al.           )
                                      )     2:08-cv-1223-RCJ-GWF
              Plaintiffs,             )
                                      )
vs.                                   )     ORDER
                                      )
UPONOR, INC. a Minnesota Corporation; et. al.  )
                                      )
              Defendants.             )
_____)

Pending before the Court are Defendants United Plumbing, LLC and Ferguson Enterprises, Inc.'s Motion for Attorney's Fees and Costs (#350), Plaintiffs Opposition (#363), and Defendants' Reply (#370). Defendants' Motion was filed based upon the Court's Order dismissing the case (#349) and instructing the parties to file briefs on the issues of fees and costs. A hearing was held on May 10, 2010 regarding the motions filed, and good cause appearing therefore. For the reasons given herein, the Motion is Granted in part and Denied in part.

## I. FINDINGS OF FACT

1. On July 28, 2008, Plaintiffs Edwin K. Slaughter, Rebecca Flinn, Mel Healey and Carol Healey filed the present cause of action, on behalf of themselves and all others similarly situated, in the District Court for Clark County, Nevada. Defendants Uponor, Inc.; Uponor North America, Inc.; Uponor Corp.; RCR Plumbing & Mechanical, Inc.; Interstate Plumbing & Air Conditioning, LLC; United Plumbing, LLC; Ferguson Enterprises, Inc.; Hughes Water & Sewer LP; and HD Supply Construction Supply Limited Partnership are alleged to be engaged in the business of designing, developing, manufacturing, distributing, marketing, selling, and installing the Wirsbo PEX plumbing

1. system, Wirsbo brass fittings, and other plumbing materials as part of the potable water supply systems of residential dwellings in Clark County, Nevada.

2. Plaintiffs alleged that all of the Wirsbo brass fittings installed as part of the potable water systems of the residential dwellings in Clark County, Nevada are defective as the result of a chemical reaction known as dezincification. Plaintiffs are suing under the following theories of liability: (1) product liability; (2) strict liability; (3) breach of express warranty; (4) breach of implied warranty; (5) breach of warranty of merchantability; and (6) negligence.

3. On September 15, 2008, Defendants removed the lawsuit from state court to federal court pursuant to the Class Action Fairness Act ("CAFA") on the grounds that the amount in controversy exceeds $5,000,000, there is diversity of citizenship between Plaintiffs and more than one primary Defendant, and there are claimed to be more than 100 class members.

4. On October 14, 2008, Plaintiffs filed a Motion to Remand (#17) under the "mandatory home-state", "local controversy" and "discretionary" exceptions to CAFA jurisdiction.

5. On March 5, 2009, Plaintiffs motion to remand was denied (#94).

6. On April 20, 2009, Plaintiffs moved to certify the class (#110). Defendants responded with motions for leave to conduct discovery (#118 and #119) which were granted and the hearing on class certification was set for November 23, 2009 (#144). At the request of Defendants Uponor, Inc. and RCR Plumbing & Mechanical, Inc, this hearing was continued to March 29, 2010 (#227) and then moved up by the Court to January 25, 2010 (#272).

7. The primary goal and focus of the discovery conducted by Defendants was in response to Plaintiffs motion for Class Certification.

8. Defendants attend 15 depositions of persons most knowledgeable, all of Defendants; scheduled numerous depositions of witnesses including the named plaintiffs; inspected 5

homes visual and 3 homes destructively; attend agreed upon testing of materials in California; sought discovery of the expert whose affidavit was submitted in support of Plaintiffs motion to Certify Class including appealing the Magistrate's Order to the District Court; and filed a Motion for a Temporary Restraining Order and/or Preliminary Injunction on the contemporaneous Chapter 40 pre-litigation proceedings being filed during the class discovery period.

9. On November 23, 2009, Plaintiffs' counsel elected an equitable remedy provided by the Court and agreed to "opt-out" all individuals who filed a chapter 40 notice (#348).

10. On December 3, 2009, Plaintiffs, without notice to the putative class members, withdrew their Motion to Certify Class (#278).

11. On December 7, 2009, Plaintiffs filed a Motion for Voluntary Dismissal of the entire action (#285). All Defendants except Uponor opposed this voluntary dismissal seeking the dismissal to be with prejudice and for an award of their attorneys fees and costs (#314, 316, 318, 319, 320, and 321).

12. On January 5, 2010, a hearing was held on Plaintiffs motion to voluntarily dismiss without prejudice wherein the Court stated that it would only dismiss with prejudice and that this issue of attorneys fees and costs would be reserved for further hearing (#344 and 345). On January 27, 2010, this matter was dismissed with prejudice (#349).

13. On February 10, 2010, FERGUSON filed a motion for attorneys fees and costs (#350) seeking $293,202.00 in attorneys fees, taxable costs under LR 54-1 through 54-15 in the amount $21,551.16 and other costs under LR 54-16 in the amount of $41,456.33. FERGUSON identified that its billing rates were $160 per hour for partners; $140 per hour for associates and $75 per hour for paralegals which was increased during litigation to $185 per hour for partners; $160 per hour for associates and $95 per hour for paralegals. Plaintiffs filed a response on March 1, 2010 (#363) and FERGUSON filed a reply on March 11, 2010 (#370).

14. At the hearing on May 10, 2010, this Court awarded FERGUSON 100% of its taxable costs and 20% of all attorneys fees and other costs and ordered the re-taxing of costs to confirm that no amount of attorneys fees were included in the original taxation of costs.
15. On May 21, 2010, FERGUSON filed its amended bill of costs confirming its taxable costs in the total amount of $21,551.16 (#418) and further confirming that those costs do not include any attorneys time or any other matter not properly taxable under LR 54-1 through LR 54-15 and 28 U.S.C. § 1920-1924.
16. On June 4, 2010, Plaintiffs filed a Motion for Re-Taxation of Costs (#432). FERGUSON filed an Opposition on June 22, 2010 (#443) and Plaintiffs filed a Reply (#447) on July 1, 2010. A Hearing was held on August 13, 2010 and the Court issued a formal Order on September 20, 2010 re-taxing FERGUSON's costs from $21,551.16 to $14,554.77. (#453).

## II. CONCLUSIONS OF LAW

1. This Court retained jurisdiction over the determination of attorneys fees and costs.
2. FERGUSON's Motion for Attorneys Fees and Costs was timely and complied with the requirements of LR 54-16.
3. The hourly billing rates charged by FERGUSON's counsel are reasonable for the community and for the services provided and said rates were not opposed as excessive or otherwise inappropriate.
4. The taxable and other costs submitted by FERGUSON are supported by the appropriate documentation as required under LR 54-1(b) and have been actually and necessarily provided and made.
5. FERGUSON incurred attorneys fees in the amount of $292,202.00; taxable costs in the amount of $14,554.77 and other costs in the amount of $41,456.33.
6. An award of attorneys fees and costs is reasonable in this case in light of the duplicative nature of the effort expended in this case and to be expended in future litigation Plaintiffs.

counsel have stated to be pending regarding the same issues set forth in this matter regarding the Wirsbo fittings in a different forum. Specifically, the need for FERGUSON to investigate and defend a class action in this matter and in subsequent pending and to be filed litigation.

7. FERGUSON has substantially complied with the requirements of LR 54-16 and requiring a line-by-line and date-by-date breakdown of fees and costs would not be productive and would cause the parties to incur additional fees and costs.

8. The Court finds that an award of 100% of taxable costs pursuant to LR 54-1 through LR 54-15 is reasonable and appropriate.

9. The Court finds that an in-gross award of 1/5 (20%) of attorneys fees and other costs sought pursuant to LR 54-16 is appropriate and reasonable.

10. The Court finds that prejudgment interest is not awarded but post-judgment interest should be awarded from the date of the entry of the judgment at the federal rate.

////
////

## III. ORDER

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that FERGUSON'S Motion for Attorney's Fees and Costs (#350) is GRANTED in part and DENIED in part. FERGUSON is awarded 100% of its taxable costs in the amount of $14,554.77; one-fifth (20%) of its attorneys fees and other costs in the amount of $66,731.67 for a total award of $81,286.44

IT IS FURTHER ORDERED, ADJUDGED, and DECREED that the Motion for Attorney's Fees and Costs is GRANTED as to post-judgment interest at the federal judgment rate (the weekly average of the 1-year constant maturity Treasury yield for the week before January 27, 2010, is .31%.[1] The daily rate for post-judgment interest is .00000849315 ($.0031 divided by 365 times the total award) or $0.6907 per day), until paid;

DATED: November 29, 2010

_____
Honorable Robert C. Jones
United States District Judge

RESPECTFULLY SUBMITTED BY

OLSON, CANNON, GORMLEY
& DESRUISSEAUX

By: /s/ Philip S. Gerson
Philip S. Gerson, Esq.
9950 W. Cheyenne Avenue
Las Vegas, Nevada 89129
Attorney for Defendants
United Plumbing, LLC and
Ferguson Enterprises, Inc.

---

[1] http://www.federalreserve.gov/releases/h15/20100125/