# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| EDWIN K. SLAUGHTER, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>UPONOR, INC., a Minnesota corporation; et al.,<br><br>Defendants. | Case No.: 2:08-CV-01223-RCJ-GWF<br><br>ORDER |

This case is a class action lawsuit against Defendants, who manufactured, marketed, distributed, and/or installed allegedly defective plumbing components, which Plaintiffs allege caused harm, or are likely to cause harm in the future, to their residences located in Clark County, Nevada. The case has been dismissed with prejudice. Before the Court is Defendant UNITED PLUMBING, LLC'S Motion for Attorney's Fees and Costs. [# 351] As stated herein, the Motion is GRANTED in part and DENIED in part.

The Court awards Defendant UNITED PLUMBING, LLC twenty percent (20%) of its requested attorney's fees and non-taxable costs, including experts' fees and travel expenses, in the amount of **$33,679.87**.

The Court awards Defendant UNITED PLUMBING, LLC its taxable costs in the amount of **$10,911.29** for a total fees and costs award of **$45,591.16.**

The Court awards Defendant UNITED PLUMBING, LLC post-judgment interest, from the date of entry of the final judgment on January 27, 2010, at the federal judgment rate (the weekly average of the 1-year maturity Treasury yield for the week before January 27, 2010 is .31%. The daily rate for post-judgment interest is until the award is satisfied at a daily rate of .003872% ($.0031 divided by 365 times

the total award[1]), until paid.

## I. FINDINGS OF FACT

1. On July 28, 2008, Plaintiffs Edwin K. Slaughter, Rebecca Flinn, Mel Healey and Carol Healey filed the present cause of action, on behalf of themselves and all other similar situated in the Eighth Judicial District Court in Clark County, Nevada. Plaintiffs allege that Defendants Uponor, Inc., RCR Plumbing & Mechanical, Inc., Interstate Plumbing & Air Conditioning, LLC, United Plumbing, LLC, Ferguson Enterprises, Inc., and Hughes Water and Sewer LP are engaged in the business of designing, developing, manufacturing, distributing, marketing, selling, and installing the Wirsbo PEX plumbing system, Wirsbo brass fittings, and other plumbing materials as part of the potable water supply systems of residential dwellings in Clark County, Nevada.

2. Plaintiffs allege that "yellow brass" Wirsbo fittings installed as part of Wirsbo plumbing systems in residential dwellings in Clark County, Nevada, were defective due to a process referred to as dezincification. Plaintiffs sued the Defendants, including UNITED PLUMBING, LLC, under the following theories of liability: (1) Product Liability; (2) Strict Liability; (3) Breach of Express Warranty; (4) Breach of Implied Warranty; (5) Breach of Warranty of Merchantability; and (6) Negligence. Plaintiffs sought general and special damages in excess of $10,000,000.00.

3. On September 15, 2008, Defendant Uponor, Inc. removed the lawsuit from Clark County District Court to Federal Court pursuant to the Class Action Fairness Act ("CAFA"). [# 1]

4. On October 14, 2008, Plaintiffs filed a Motion to Remand [#17] under the "mandatory home-state," "local controversy" and "discretionary" exceptions to CAFA jurisdiction.

5. On March 5, 2009, Plaintiffs' motion to remand was denied [#94].

6. On April 20, 2009, Plaintiffs filed a Motion for Class Certification. [# 110] The Court thereafter permitted a period of discovery and through various extensions, set a hearing on Plaintiffs' Motion for Class Certification on March 29, 2010 [#227] but was moved up by the Court to January 25, 2010 [#272].

7. A substantial part of the discovery conducted by the Defendants was in response to Plaintiffs' motion for class certification.

---

[1] http://www.federalreserve.gov/releases/h15/20100125/

1    8.    Throughout the discovery period, Defendants, including Defendant UNITED PLUMBING, LLC, attended and participated in numerous depositions, including an estimated nine (9) out of state depositions, reviewed and investigated thousands of pages of documentation provided by the Plaintiffs, attended destructive testing and/or visual inspections of at least five (5) homes, and attended metallurgical testing of plumbing components selected by Plaintiffs at Seal Laboratoes in El Segundo, California, and sought discovery of the expert whose affidavit was submitted in support of Plaintiffs' motion to certify class.

9.    Since the initiation of this case, the Defendants have engaged in numerous motion filings and arguments relating to discovery and concerns of class certification. These Motions included a Motion for Preliminary Injunction and/or Temporary Restraining Order filed by Defendants Ferguson Enterprises, Inc. and United Plumbing, LLC [# 209], and Plaintiffs' Motion for Leave to File a Second Amended Complaint [# 219], which the Defendants, including UNITED PLUMBING, LLC, opposed.

10.    On November 23, 2009, Plaintiffs' Counsel elected an equitable remedy provided by the Court and agreed to "opt-out" all individuals who filed a NRS Chapter 40 Notice [#348].

11.    On December 3, 2009, Plaintiffs filed a Notice of Withdrawal of Motion for Class Certification [# 278]. Plaintiffs did not seek leave of the Court to file an amended complaint to withdraw the class allegations in their pleadings.

12.    On December 7, 2009, Plaintiffs filed a Motion to Voluntarily Dismiss this litigation in its entirety [# 285]. All Defendants, except Uponor, opposed this voluntary dismissal seeking the dismissal to be with prejudice and an award of their attorneys fees and costs [#314, 306, 318, 319, 320 and 321].

13.    On January 27, 2010, this Court entered an Order granting Plaintiffs' Motion for Voluntary Dismissal, in part, and dismissed this lawsuit with prejudice, including Plaintiffs' class allegations in their Complaint. [# 349] The Court expressly retained jurisdiction to consider Motions for Attorneys' Fees and Costs filed by the Defendants, including UNITED PLUMBING, LLC.

14.    On February 10, 2010, UNITED PLUMBING, LLC filed its Motion for Attorney's Fees and Costs [# 351]. Plaintiffs filed a response on March 1, 2010 [#363] and on March 11, 2009, UNITED PLUMBING, LLC filed its Reply to Plaintiffs' Response to its Motion for Attorney's Fees and Costs.

in which UNITED PLUMBING, LLC supplemented its Motion and included an Affidavit from Stephanie A. Lee, Esq., in substantial compliance with LR 54-16. [# 371]

15. At the hearing on May 10, 2010, this Court awarded UNITED PLUMBING 100% of its taxable costs and 20% of all attorneys fees and other costs and ordered the re-taxing of costs to confirm that no amount of attorneys fees were included in the original taxation of costs.

16. On May 25, 2010, UNITED PLUMBING filed its amended bill of costs confirming its taxable costs in the total amount of $70,122.41 [#425] and further confirming that those costs do not include any attorneys time or any other matter not properly taxable under LR 54-1 through LR 54-15 and 28 U.S.C. § 1920-1924.

17. On June 4, 2010, Plaintiffs filed a Motion for Re-Taxation of Costs [#432]. UNITED PLUMBING filed on Opposition on June 21, 2010 [#441], and Plaintiffs filed a Reply on July 1, 2010 [#447].

18. A hearing was held on August 13, 2010 and the Court issued a formal Order on September 20, 2010 re-taxing UNITED PLUMBING's costs from $70,122.41 to $10,911.29 [#453].

## II. CONCLUSIONS OF LAW

1. The Court expressly retained jurisdiction to rule upon the Defendants' Motions for Attorney's Fees and Costs.

2. Local Rule 54-16 outlines the following factors to consider when awarding attorneys' fees: (1) the results obtained and the amount involved; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to the acceptance of the case; (5) whether the fee is fixed or contingent; (6) the time limitations imposed by the client or the circumstances; (7) the experience, reputation, and ability of the attorneys; (8) the undesirability of the case, if any; (9) the nature and length of the professional relationship with the client; and (10) awards in similar cases

3. UNITED PLUMBING, LLC submitted Affidavits of Stephanie A. Lee, Esq. and Theodore Parker III, Esq. with its Motion for Attorney's Fees and Costs, and Reply to Plaintiffs' Response to its Motion for Attorney's Fees and Costs, which substantially complied with the requirements of Local Rule 54-16.

4. In documents submitted with UNITED PLUMBING, LLC's Moving and Reply Papers, UNITED PLUMBING, LLC's invoices prove that the law firm billed an hourly rate of $135 per hour for partner time, $125 per hour for associate time, and $60 per hour for paralegal time. Counsel for UNITED PLUMBING, LLC also attests to the number of hours the law firm spent on UNITED PLUMBING, LLC'S defense in this action.

5. Plaintiffs have had the opportunity to review and respond to the evidence UNITED PLUMBING, LLC submitted in support of its Motion for Attorney's Fees and Costs, including the Affidavits of counsel and invoices for taxable and non-taxable costs incurred. Plaintiffs did not object to the hourly billing rate of counsel, nor the number of hours billed in defending UNITED PLUMBING, LLC, nor the reasonableness and necessity of the fees, non-taxable costs, and taxable costs incurred by UNITED PLUMBING, LLC.

6. The Court generally finds that the bulk of the attorney's fees and non-taxable costs incurred by the Defendants, including UNITED PLUMBING, LLC, will have value in subsequent proceedings and may not be the subject of an attorneys' fees award in this litigation.

7. An award of some portion of the requested attorneys' fees and non-taxable costs, including experts' fees and travel expenses for attending numerous out of state depositions noticed by Plaintiffs, is reasonable and appropriate in this matter because of the risk that the Defendants, including UNITED PLUMBING, LLC, will incur duplicative attorneys' fees in defending identical issues in future proceedings including, but not limited to, a potential request for class certification. More importantly, attorneys' fees were incurred by Plaintiffs own decision to seek class action status, only to later in the case withdraw their Motion for Class Certification.

8. The Court finds that requesting a delineation of fees in line-by line, date-by-date format, and/or requiring UNITED PLUMBING, LLC to produce redacted billing invoices, would require UNITED PLUMBING, LLC to unnecessarily incur more attorney's fees.

9. As a result of the fact that several Defendants are requesting attorney's fees and costs, the Court finds that an in-gross ruling awarding attorney's fees and non-taxable costs is appropriate and finds that an award of 1/5 of the attorney's fees and non-taxable costs incurred by each of the Moving Defendants, including UNITED PLUMBING, LLC, is a reasonable award of attorney's fees and non-

1  taxable costs, including experts' fees and travel expenses to attend the numerous depositions of
2  Defendant Uponor, Inc.'s personnel noticed by the Plaintiffs in Minneapolis, Minnesota.
3      10.  The Moving Defendants have requested attorney's fees, non-taxable costs, and
4  taxable costs in a collective amount of slightly more than $1 million. An award of 1/5, or 20%, of
5  attorney's fees and non-taxable costs incurred by UNITED PLUMBING, LLC and each of the other
6  Moving Defendants is reasonable under the circumstances and findings as set forth above, as reducing
7  the fees requested by each Defendant provides for a reasonable collective fee award of approximately
8  $200,000. This award of attorney's fees and non-taxable costs is specifically entered against the named
9  Plaintiffs, and not counsel for the Plaintiffs.
10     11.  The Court finds that it is reasonable and appropriate to award UNITED PLUMBING,
11  LLC its taxable costs in the amount of $10,911.29, as set forth in UNITED PLUMBING, LLC'S Bills
12  of Costs on file herein and the Court's Order [#453]. This award is also specifically entered against the
13  named Plaintiffs, and not counsel for the Plaintiffs.
14     12.  UNITED PLUMBING, LLC is not entitled to pre-judgment interest. However, UNITED
15  PLUMBING, LLC is entitled to post-judgment interest from the date of entry of the final Judgment of
16  Dismissal with Prejudice, January 27, 2010, until the award is satisfied in full.

### III. ORDER

IT IS HEREBY ORDERED, ADJUDGED and DECREED that Defendant UNITED PLUMBING, LLC's Motion for Attorney's Fees and Costs [#351] is GRANTED in part and DENIED in part. UNITED PLUMBING is awarded its taxable costs in the amount of $10,911.29; one-fifth (20%) of its attorneys fees and other costs in the amount of $33,679.87 for a total award of $49,591.16.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Motion for Attorney's Fees and Costs is GRANTED as to post-judgment interest, from the date of entry of the final judgment on January 27, 2010, at the federal judgment rate (the weekly average of the 1-year maturity Treasury yield for the week before January 27, 2010 is .31%. The daily rate for post-judgment interest is until the award is satisfied at a daily rate of .003872% ($.0031 divided by 365 times the total award[2]), until paid.

---

[2] http://www.federalreserve.gov/releases/h15/20100125/

Dated November 29, 2010

_____
Honorable Robert C. Jones
United States District Court

RESPECTFULLY SUBMITTED BY

PARKER NELSON & ASSOCIATES, CHTD.

/s/ Theodore Parker, III
_____
THEODORE PARKER, III, ESQ.
2460 Professional Court, Suite 200
Las Vegas, NV 89128
Co-Counsel for Defendant
    United Plumbing, LLC.