Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, Nevada 89118
(702) 938-3838

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| EDWIN K. SLAUGHTER, et al, | Case No.:     2:08-CV-01223-RJC-(GWF) |
| Plaintiffs, | |
| vs. | |
| UPONOR, INC., et al. | **ORDER GRANTING IN PART AND DENYING IN PART HUGHES WATER & SEWER LP'S MOTION FOR FEES AND COSTS [#352]** |
| Defendants. | |

This case is a class action products liability lawsuit regarding allegedly defective plumbing components. Defendants allegedly manufactured, marketed, distributed, and/or installed allegedly defective plumbing components. Defendants are Uponor, Inc. ("Uponor"); RCR Plumbing and Mechanical, Inc. ("RCR"); Interstate Plumbing & Air Conditioning ("Interstate"); United Plumbing, LLC ("United"); Ferguson Enterprises, Inc. ("Ferguson"); and Hughes Water & Sewer LP ("HUGHES"); (all defendants, collectively, "Defendants"). Edwin K. Slaughter, Rebecca Flinn, Mel Healey, and Carol Healey (collectively, "Plaintiffs") allege that the defective plumbing components caused harm, or are likely to cause harm in the future, to their residences located in Clark County, Nevada.

Now before the Court is HUGHES' Motion for Attorneys' Fees and Costs. [#352]. As stated herein, the Motion is Granted, in part and Denied in part:

**FINDINGS OF FACT**

The Court finds as follows:

1.      On July 28, 2008, Plaintiffs filed the present action, on behalf of themselves and all others similar situated, in the District Court for Clark County, Nevada. (Pet. For Removal (#1), Ex. 1). Defendants are allegedly engaged in the business of designing, developing, manufacturing, distributing, marketing, selling, and installing the Wirsbo PEX plumbing system, Wirsbo brass fittings, and other plumbing materials (*Id.* at ¶¶ 5-11);

2.      Plaintiffs alleged that the Wirsbo brass fittings installed in certain residences throughout Clark County, Nevada, were defective. The Wirsbo fittings allegedly reacted with the water in Clark County in such a manner as to cause a chemical reaction known as dezincification. As a result of dezincification, Plaintiffs further alleged that zinc leached out of the Wirsbo brass fittings, which impaired residences' plumbing systems and homes. (*Id.* at ¶¶ 22-33). Plaintiffs filed suit under the following theories of liability: (1) product liability; (2) strict liability, (3) breach of express warranty; (4) breach of implied warranty; (5) breach of warranty of merchantability; and (6) negligence. (*Id.* at ¶¶ 34-93);

3.      On September 15, 2008, Defendant Uponor, Inc. removed the lawsuit from state court to federal court pursuant to the Class Action Fairness Act ("CAFA"). [#1];

4.      On April 20, 2009, Plaintiffs filed a Motion for Class Certification. [#110] The Court thereafter permitted a period of discovery, and through various extensions, set a hearing for Plaintiffs' Motion for Class Certification on January 25, 2010;

5.      A substantial part of the discovery conducted by Defendants to date has been to defend against Plaintiffs' Motion for Class Certification;

6.      Throughout the discovery period, Defendants attended and participated in numerous depositions, including an estimated nine (9) out of state depositions, reviewed and investigated thousands of pages of documentation disclosed by the Plaintiffs, retained experts, attended destructive testing and/or visual inspections of at least five (5) homes, and attended metallurgical testing of plumbing components selected by Plaintiffs at Seal Laboratories in El Segundo, California. This discovery was all primarily geared towards defeating Plaintiffs' Motion for Class

Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, Nevada  89118
(702) 938-3838

<div style="transform: rotate(-90deg)">Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC<br>6385 S. Rainbow Blvd., Suite 400<br>Las Vegas, Nevada 89118<br>(702) 938-3838</div>

1  Certification;

2       7.     Since the initiation of this case, Defendants have engaged in numerous motion filings

3  and arguments primarily relating to discovery and concerns of class certification;

4       8.     On December 3, 2009, Plaintiffs filed a Notice of Withdrawal of Motion for Class

5  Certification [#278].  On December 7, 2009, Plaintiffs filed a Motion to Voluntary Dismiss the

6  entire action. [#285].  All defendants except Uponor, Inc. opposed the motion and requested that

7  this Court dismiss the matter with prejudice and allow the defendants to move for fees and costs

8  (hereinafter, the "Moving Defendants") [#314, 316, 318, 319, 320 and 321];

9       9.     On January 5, 2010, this Court held a hearing on Plaintiffs' Motion to Voluntarily

10  Dismiss Without Prejudice, this Court stated that it would only dismiss with prejudice and that the

11  issue of attorney's fees and costs would be reserved for further hearing [#344, 345];

12       10.     On January 27, 2010, this Court entered an order granting the Motion to Voluntarily

13  Dismiss WITH PREJUDICE.  [#349].  The Court retained jurisdiction to allow the defendants to

14  move for fees and costs;

15       11.     Defendant HUGHES filed a Motion for Fees and Costs [#352] on February 10, 2010

16  ("Fee Motion").  The Fee Motion requested fees in the amount of $229,261.93 and costs in the

17  amount of $12,941.49, including a Bill of Costs documenting $5,898.05 in taxable costs [#352].

18  The Bill of Costs provides an affidavit attesting that such costs were reasonable and necessarily

19  incurred, and provided invoices for the taxable costs.  On March 1, 2010, Plaintiffs filed a

20  Response to Motions for Attorneys' Fees [#363], addressing each of the Moving Defendants'

21  request for fees and costs.  On March 11, 2010, HUGHES filed a Reply in Support of Motion for

22  Fees and Costs. [#372];

23       12.     On April 29, 2010, HUGHES filed a Supplement to its Fee Motion [#399]

24  ("Supplement"), providing evidence of additional fees and costs incurred by HUGHES in this

25  action, and requesting a grand total of $255,578.90 in fees and $13,087.39 in costs;

26       13.     This case presents exceptional circumstances given Plaintiffs' initiation and pursuit

27  of the case and class action certification prior to withdrawal of the motion for class certification

28  and dismissal of the case, combined with Plaintiffs' stated intention to reinitiate the class action

1  litigation in state court;

2      14.    An award of fees to the Moving Defendants is warranted as the Moving Defendants

3  will be forced to engage in duplicative effort and expenses by Plaintiffs' decision to dismiss the

4  present action but continue to pursue their class action in state court;

5      15.    While the bulk of fees incurred by defendants have value in subsequent

6  proceedings, some significant portion of the fees incurred will be duplicative.   The Moving

7  Defendants should not be forced to incur the same fees where the fees have been caused by

8  Plaintiffs' decision to assert class action status in this litigation and later withdraw their motion

9  based on their decision to pursue the same class in a different forum;

10     16.    Local Rule 54-16 outlines the following factors to consider when awarding

11 attorney's fees: (1) the results obtained and the amount involved; (2) the novelty and difficulty of

12 the questions involved; (3) the skill requisite to perform the legal services properly; (4) the

13 preclusion of other employment by the attorney due to acceptance of the case; (5) whether the fee

14 is fixed or contingent; (6) the time limitations imposed by the client or  circumstances; (6) the

15 experience, reputation, and ability of the attorneys; (7) the undesirability of the case, if any; (8) the

16 nature and length of the professional relationship with the client; and (9) awards in similar cases;

17     17.    HUGHES has addressed the factors stated in LR 54-16 to the satisfaction of this

18 Court;

19     18.    In the Fee Motion, Defense counsel attests that the law firm billed an hourly rate of

20 $305.00 for counsel's time and an hourly rate of $150.00 for paralegal time.   Defense counsel

21 further attests to the number of hours the law firm spent in defending HUGHES in this action.

22 Plaintiffs did not object to either the hourly rates or the numbers of hours billed;

23     19.    This Court is familiar with the customary billing rates for legal services in similar

24 cases and finds that these hourly rates are reasonable for the legal services rendered;

25     20.    This Court is familiar with this action and the effort required by defense to defend

26 against the class certification motion and finds that the number of hours expended by HUGHES

27 was reasonable;

28     21.    The Fee Motion and Supplement attach an affidavit of Rosemary Missirian, Esq.

Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, Nevada 89118
(702) 938-8838

1   which authenticated the information contained in the pleadings and confirming that submitted fees

2   and costs were reviewed and that the fees and costs charged were reasonable, necessary and actual;

3        22.    HUGHES provided an itemization and description of legal services provided and

4   the time expended, as well as supporting affidavits of counsel. The majority of the Moving

5   Defendants included affidavits of counsel categorizing and summarizing the breakdown of fees,

6   costs and tasks relative to the fees requested. This Court finds that requiring a delineation of fees

7   in line-by-line, date-by-date format, would require both parties to incur more fees and effort and

8   that the Court is satisfied with the affidavits of counsel;

9        23.    As a result of the numerous defendants requesting fees, the burden of preparing and

10   reviewing redacted line-by-line itemization, the Court finds that an in-gross ruling of fees is

11   appropriate and finds that an award of 1/5 of fees incurred by each defendant is a reasonable award

12   of fees;

13        24.    At the hearing on May 10, 2010, this Court awarded HUGHES 100% of its taxable

14   costs and 20% of all attorneys' fees and non-taxable costs and ordered the re-taxing of costs to

15   confirm that no amount of attorney's fees were included in the original taxation of costs.

16        25.    On May 24, 2010, HUGHES filed its amended Bill of Costs. [#419] confirming its

17   taxable costs in the amount of $5,898.05 and further confirming that those costs did not include

18   any attorneys' fees or other matters not properly taxable under the Local Rules. All other

19   Defendants except Uponor filed amended Bill of Costs;

20        26.    On June 4, 2010, Plaintiffs filed an Objection to Bills of Costs and Motion to Re-

21   Tax [#431], and thereafter filed a Motion for Re-Taxation of Costs on June 9, 2010 [#432]. On

22   June 17, 2010, HUGHES filed Reply to Plaintiffs' Objection and Motion to Re-Tax, and an

23   Amended Order Granting in Part HUGHES' Motion for Fees and Costs [#435-436]. The

24   Amended Order attempted to address the errors set forth in Plaintiffs' Motion to Re-Tax and

25   reduced the taxable costs to $5,304.37, consistent with Plaintiffs' pleading:

26        27.    On August 13, 2010, a hearing was held on Plaintiffs' Motion to Re-Tax. On

27   September 20, 2010, this Court issued a formal Order re-taxing HUGHES' costs from $5,898.05 to

28   $5,304.37.

*Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC*
*6385 S. Rainbow Blvd., Suite 400*
*Las Vegas, Nevada 89118*
*(702) 938-3838*

28. To the extent this Court's findings of fact should be more appropriately set forth as a conclusion, it shall be deemed such.

## CONCLUSIONS OF LAW

The Court concludes as follows:

1. This Court retained jurisdiction to rule upon the request for attorneys fees and costs;

2. The Fee Motion and Supplement adequately addressed the requirements of Local Rule 54-16 and was timely;

3. The hourly billing rate of counsel and the number of hours billed to Hughes Water, was reasonable for the community and for the services provided and said rates were not opposed as excessive or otherwise inappropriate;

4. HUGHES substantially complied with the requirements of LR 54-16 and requiring a line-by-line and date-by-date breakdown of fees and costs would not be productive and could cause the parties to incur additional fees and costs;

5. The fees and non-taxable costs incurred by HUGHES were actually and necessarily incurred by defendant;

6. The taxable costs submitted by HUGHES are supported by the appropriate documentation as required under LR 54-1(b) and have been actually and necessarily provided and made;

7. As a result of the fact that various defendants are requesting attorneys' fees and costs, this Court finds that an in-gross ruling awarding attorneys' fees and non-taxable costs is appropriate and finds that an award of twenty percent (20%) of the attorneys' fees and non-taxable costs incurred by each of the moving Defendants, including HUGHES, is a reasonable award of attorneys' fees and non-taxable costs, including experts' fees and travel expenses to attend the numerous depositions, including several out of state depositions. The Moving Defendants have requested attorneys' fees, non-taxable costs, and taxable costs in a collective amount of slightly more than $1 million. An award of one-fifth (1/5), or twenty percent (20%), of attorneys' fees and non-taxable costs incurred by HUGHES and each of the other moving Defendants, is reasonable under the circumstances and findings as set forth above, as reducing the fees requested by each such

Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, Nevada  89118
(702) 938-3838

Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, Nevada  89118
(702) 938-3838

1  Defendant provides for a reasonable collective fee award;

2      8.     The award of attorneys' fees and non-taxable costs is specifically entered against the

3  named Plaintiffs, and not counsel for the Plaintiffs;

4      9.     This Court finds that it is reasonable and appropriate to award HUGHES taxable

5  costs in the amount of $5,304.37, and therefore awarded such amount in its September 20, 2010,

6  Order [#453];

7      10.    Defendants are not entitled to pre-judgment interest. However, Defendants are

8  entitled to post-judgment interest from the date of entry of the final Judgment of Dismissal with

9  Prejudice, January 27, 2010, until the award is satisfied in full;

10     11.    To the extent this Court's Conclusions of Law should be more appropriately set forth

11 as a finding of fact, it shall be deemed as such.

12                                  **ORDER**

13     IT IS HEREBY ORDERED that HUGHES' Motion for Attorneys' Fees and Costs [#352] is

14 GRANTED in part and DENIED in part.  HUGHES is awarded **$52,672.38,** which represents

15 twenty percent (20%) of its requested attorneys' fees and non-taxable costs.  Combined with the cost

16 award of **$5,304.37,** this Court awards HUGHES a total amount of **$57,976.75** for fees and costs.

17     This Court FURTHER ORDERS an award of post-judgment interest at the federal judgment

18 rate to the moving Defendants. The weekly average of the 1-year constant maturity Treasury yield

19 for the week before January 27, 2010 is 0.31%.  The daily rate for post-judgment interest is

20 .00000849315 (0.0031/365). Post-judgment interest will accumulate at $0.49/day until satisfied.

21     IT IS SO ORDERED

22     _____

23     HONORABLE ROBERT C. JONES
       UNITED STATES DISTRICT JUDGE

24     DATED: November 29, 2010

25 Submitted by:

26 _____
   Rosemary Missisian, Esq.

27 WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC
   *Attorney for Defendant Hughes Water & Sewer LP*

28 DATED this 30th day of September, 2010.