1   SCOTT RASMUSSEN, ESQ.
    Nevada Bar No. 6100
2   HANSEN RASMUSSEN, LLC
    1835 Village Center Circle
3   Las Vegas, Nevada  89134
    Telephone:  (702) 385-5533
4   Facsimile: (702) 382-8891

5   Attorneys for Defendant
    RCR PLUMBING AND MECHANICAL, INC.
6

7                   **UNITED STATES DISTRICT COURT**

8                       **DISTRICT OF NEVADA**

9   EDWIN K. SLAUGHTER, REBECCA FLINN,      ) **CASE NO.: 2:08 CV-1223-RCJ-GWF**
    and MEL and CAROL HEALEY, individually,  )
10  and on behalf of all other similarly situated )
                                              )
11                    Plaintiffs,            )
                                              )
    vs.                                       )
12                                            )
                                              )
13  UPONOR, INC., a Minnesota corporation;   )
    UPONOR NORTH AMERICA, INC., a            )
14  Minnesota corporation; RCR PLUMBING AND  ) **ORDER ON DEENDANT RCR PLUMBING**
    MECHANICAL, INC., a California corporation; ) **AND MECHANICAL, INC.'S MOTION FOR**
15  INTERSTATE PLUMBING & AIR                ) **ATTORNEYS' FEES AND COSTS**
    CONDITIONING, LLC, a Nevada limited      )
16  liability company; UNITED PLUMBING, LLC, )
    a Nevada limited liability company;       )
17  FERGUSON ENTERPRISES, INC., a Virginia   )
    corporation; HUGHES WATER & SEWER LP,    )
18  a Florida limited partnership and successor by )
    merger to STANDARD WHOLESALE            )
19  SUPPLY COMPANY, a dissolved Nevada       )
    corporation; HD SUPPLY CONSTRUCTION      )
20  SUPPLY, LIMITED PARTNERSHIP, a Florida   )
    limited partnership; DOES 1-30, ROE       )
21  CORPORATIONS I-XXX                       )
                                              )
22  _____Defendants._____    )

23      This case is a class action lawsuit against Defendants, who are alleged to have manufactured,

24  marketed, distributed, and/or installed allegedly defective plumbing components, which Plaintiffs

25  allege caused harm, or are likely to cause harm in the future, to their residences located in Clark

26  County, Nevada.  The case has been dismissed with prejudice.  Before the Court is Defendant RCR

27  PLUMBING AND MECHANICAL, INC.'s Motion for Attorney's Fees and Costs (#353).  As stated

28  herein, the Motion is Granted, in part.

                                    - 1 -

The Court awards Defendant RCR PLUMBING AND MECHANICAL, INC. twenty percent (20% = $19,312.89) of its requested attorney's fees ($96,564.47) and 100% of its taxable costs, including experts' fees and travel expenses in the total amount of $53,048.86.

As such, the total award of fees and costs to Defendant RCR PLUMBING AND MECHANICAL, INC. IS **$72,361.75.**

The Court also awards prejudgment interest is not awarded, but post-judgment interest should be awarded from the date of the entry of the judgment at the federal rate. The weekly average of the 1-year constant maturity Treasury yield for the week before January 27, 2010 is .31%. The daily rate for post-judgment interest is .00000849315 ($.0031/365). Post judgment interest will accumulate at $.37 a day until satisfied.

## I.     FINDINGS OF FACT

On July 28, 2008, Plaintiffs Edwin K. Slaughter, Rebecca Flinn, Mel Healey and carol Healey filed the present cause of action, on behalf of themselves and all others similarly situated, in the District Court for Clark County, Nevada. Defendants Uponor, Inc.; Uponor North America, Inc.; Uponor Corp.; RCR Plumbing & Mechanical, Inc.; Interstate Plumbing & Air Conditioning, LLC; United Plumbing, LLC; Ferguson Enterprises, Inc.; Hughes Water & Sewer LP; and HD Supply Construction Supply Limited Partnership are alleged to be engaged in the business of designing, developing, manufacturing, distributing, marketing, selling, and installing the Wirsbo PEX plumbing system, Wirsbo brass fittings, and other plumbing materials as part of the potable water supply systems of residential dwellings in Clark County, Nevada.

Plaintiffs alleged that all of the Wirsbo brass fittings installed as part of the potable water systems of the residential dwellings in Clark County, Nevada are defective as the result of a chemical reaction known as dezincification. Plaintiffs are suing under the following theories of liability: (1) product liability; (2) strict liability; (3) breach of express warranty; (4) breach of implied warranty; (5) breach of warranty of merchantability; and (6) negligence.

On September 15, 2008, Defendant Uponor, Inc. removed the lawsuit from state court to federal court pursuant to the Class Action Fairness Act ("CAFA") on the grounds that the amount in

1    controversy exceeds $5,000,000.00, there is diversity of citizenship between Plaintiffs and more than
2    one primary Defendant, and there are claimed to be more than 100 class members.

3         On October 14, 2008, Plaintiffs filed a Motion to Remand (#17) under the "mandatory home-
4    state", "local controversy" and "discretionary" exceptions to CAFA jurisdiction.

5         On March 5, 2009, Plaintiffs motion to remand was denied (#94).

6         On April 20, 2009, Plaintiffs moved to certify the class (#110).  Defendants responded with
7    motions for leave to conduct discovery (#118 and #119) which were granted and the hearing on class
8    certification was set for November 23, 2009 (#144).  At the request of Defendants, Uponor, Inc. and
9    RCR Plumbing and Mechanical, Inc., this hearing was continued to March 29, 2010 (#227) and then
10   moved up by the Court to January 25, 2010 (#272).

11        Although running at the same time, a substantial part of the discovery conducted by the
12   Defendants was in response to Plaintiffs motion for Class Certification.

13        Defendants attend 15 depositions of persons most knowledgeable, all of Defendants,
14   scheduled numerous depositions of witnesses including the named plaintiffs; inspected 5 homes
15   visual and 3 homes destructively; attend agreed upon testing of materials in California; sought
16   discovery of the expert whose affidavit was submitted in support of Plaintiffs motion to Certify Class
17   including appealing the Magistrate's Order to the District Court; and filed a Motion for a Temporary
18   Restraining Order and/or Preliminary Injunction on the contemporaneous Chapter 40 pre-litigation
19   proceedings being filed during the class discovery period.

20        On November 23, 2009, Plaintiffs' counsel elected an equitable remedy provided by the Court
21   and agreed to "opt-out" all individuals who filed a chapter 40 Notice (#348).

22        On December 3, 2009, Plaintiffs, without notice of the putative class members, withdrew their
23   Motion to Certify Class (#278).

24        On December 7, 2009, Plaintiffs filed a Motion for Voluntary Dismissal of the entire action
25   (#285).  All Defendants, except Uponor opposed this voluntary dismissal seeking the dismissal to be
26   with prejudice and for an award of their attorneys fees and costs (#314, 316, 318, 319, 320 and 321).

27        On January 5, 2010, a hearing was held on Plaintiffs motion to voluntarily dismiss without
28   prejudice wherein the Court stated that it would only dismiss with prejudice and that this issue of

LAW OFFICES
HANSEN RASMUSSEN, LLC
1835 Village Center Circle
Las Vegas, Nevada 89134
Telephone: (702) 385-5533
Facsimile: (702) 382-8894

1  attorneys fees and costs would be reserved for further hearing (#344 and 345).  On January 27, 2010,
2  this matter was dismissed with prejudice (#349).

3      On February 10, 2010, RCR PLUMBING AND MECHANICAL, INC., filed a motion for
4  attorneys fees and costs (#353) seeking $96,564.47 in attorney's fees and $53,048.86.  Plaintiffs filed
5  an Opposition and RCR filed a Reply to the Opposition on March 11, 2010 (#373).

6      At the hearing on May 10, 2010, this Court awarded RCR PLUMBING AND
7  MECHANICAL, INC. 100% of its taxable costs and 20% of all attorneys fees and other costs and
8  ordered the re-taxing of costs to confirm that no amount of attorneys fees were included in the
9  original taxation of costs.

10     On May 25, 2010, RCR filed its Amended Bill of Costs confirming its taxable costs in the
11  total amount of $17,502.74 and non-taxable costs in the amount of $7,111.50 (#427).

## II.   CONCLUSIONS OF LAW

13     This Court retained jurisdiction over the determination of attorneys fees and costs.

14     RCR'S Motion for Attorneys Fees and Costs was timely and complied with the requirements
15  of LR-54-16.

16     The hourly billing rates charged by RCR'S counsel are reasonable for the community and for
17  the services provided and said rates were not opposed as excessive or otherwise inappropriate.

18     The taxable and other costs submitted by RCR are supported by the appropriate documentation
19  as required under LR 54-1(b) and have been actually and necessarily provided and made.

20     RCR actually and reasonable incurred attorneys fees in the amount of $96,564.47 and costs in
21  the amount of $53,048.86.

22     An award of attorneys fees and costs is reasonable in this case in light of the duplicative nature
23  of the effort expended in this case and to be expended in future litigation Plaintiff's counsel have
24  stated to be pending regarding the same issues set forth in this matter regarding the Wirsbo fittings in a
25  different forum.  Specifically, the need for RCR to investigate and defend a class action in this matter
26  and in subsequent pending and to be filed litigation.

RCR has substantially complied with the requirements of LR 54-16 and requiring a line-by-line and date by date breakdown of fees and costs would not be productive and would cause the parties to incur additional fees and costs.

The Court finds that an award of 100% of taxable costs pursuant to LR 54-1 and LR 54-15 is reasonable and appropriate.

The Court finds that an in-gross award of 20% of attorneys fees and other costs sought pursuant to LR 54-16 is appropriate and reasonable.

The Court finds that prejudgment interest is not awarded but post-judgment interest should be awarded from the date of the entry of the judgment at the federal rate.

### III.   ORDER

**IT IS HEREBY ORDERED, ADJUDED and DECREED** that RCR's Motion for Attorney's fees and Costs (#353) is GRANTED in part and DENIED in part.  RCR is awarded 100% of its taxable costs in the amount of **$17,502.74**, 20% of its attorneys fees in the amount of **$19,312.89**, and 20% of its non-taxable costs in the amount of **$7,111.50**.

/ / / /
/ / / /
/ / / /
/ / / /
/ / / /
/ / / /
/ / / /
/ / / /
/ / / /
/ / / /
/ / / /

- 5 -

1   **IT IS FURTHER ORDERED, ADJUDGED and DECREED** that the Motion for Attorney's

2   Fees and Costs is GRANTED as to post-judgment interest at the federal judgment rate.  The daily rate

3   for post-judgment interest is (.00000849315 times $43,927.13) $0.37 a day.

4   **IT IS SO ORDERED.**

5

6   HONORABLE ROBERT C. JONES
    UNITED STATES DISTRICT JUDGE

7
    DATED: November 29, 2010
8

9   Submitted:

10  HANSEN RASMUSSEN

11

12  */s/ R. Scott Rasmussen*
    SCOTT RASMUSSEN, ESQ.
13  Nevada Bar No. 6100
    HANSEN RASMUSSEN, LLC
14  1835 Village Center Circle
    Las Vegas, Nevada 89134
15  Telephone: (702) 385-5533
    Facsimile: (702) 382-8891
16  scottr@hrnvlaw.com

17

18

19

20

21

22

23

24

25

26

27

28