1

2                     UNITED STATES DISTRICT COURT

3
                             DISTRICT OF NEVADA
4

5  EDWIN K. SLAUGHTER, REBECCA FLINN,      Case No.:      2:08-CV-01223-RCJ-GWF
   and MEL and CAROL HEALEY, individually
6  and on behalf of all others similarly situated,

7                     Plaintiffs,

8
   vs.
9

10 UPONOR, INC., a Minnesota corporation;        ORDER ON DEFENDANT INTERSTATE
   UPONOR NORTH AMERICA, INC., a               PLUMBING & AIR CONDITIONING,
11 Minnesota corporation;  RCR PLUMBING AND     LLC'S MOTION FOR ATTORNEYS'
   MECHANICAL, INC., a California corporation;   FEES AND COSTS
12 INTERSTATE PLUMBING & AIR
   CONDITIONING, LLC, a Nevada limited
13 liability company; UNITED PLUMBING, LLC,
   a Nevada limited liability company;
14 FERGUSON ENTERPRISES,  INC., a Virginia
   corporation; HUGHES WATER & SEWER LP,
15 a Florida limited partnership and successor by
   merger to STANDARD WHOLESALE
16 SUPPLY COMPANY, a dissolved Nevada
   corporation; HD SUPPLY CONSTRUCTION
17 SUPPLY, LIMITED PARTNERSHIP, a Florida
   limited partnership;  DOES 1-30, ROE
18 CORPORATIONS I-XXX,
19
                     Defendants.
20

21

22

23        This case is a class action lawsuit against Defendants, who are alleged to have manufactured,

24 marketed, distributed, and/or installed allegedly defective plumbing components, which Plaintiffs

25 allege caused harm, or are likely to cause harm in the future, to their residences located in Clark

26 County, Nevada.  The case has been dismissed with prejudice.  Before the Court is Defendant

27 INTERSTATE PLUMBING & AIR CONDITIONING. LLC's Motion for Attorneys' Fees and Costs.

28 [# 354]  As stated herein. the Motion is Granted. in part.

1    The Court awards Defendant INTERSTATE PLUMBING & AIR CONDITIONING, LLC

2  twenty percent (20%) of its requested attorneys' fees and non-taxable costs, including experts' fees

3  and travel expenses, in the total amount of **$53,831.25**.

4    The Court awards Defendant INTERSTATE PLUMBING & AIR CONDITIONING, LLC

5  taxable costs in the amount of **$15,469.00**.

6    As such, the total award of fees and costs to Defendant INTERSTATE PLUMBING & AIR

7  CONDITIONING, LLC is **$69,300.25**.

8    The Court awards Defendant INTERSTATE PLUMBING & AIR CONDITIONING, LLC

9  post-judgment interest at the federal judgment rate.  The weekly average of the 1-year constant

10  maturity Treasury yield for the week before January 27, 2010 is .31%. The daily rate for post-

11  judgment interest is .00000849315 ($.0031/365).  Post-judgment interest will accumulate at $.58/day

12  until satisfied (.00000849315 * $69,300.25).

13  **I.    FINDINGS OF FACT**

14    1.    On July 28, 2008, Plaintiffs Edwin K. Slaughter, Rebecca Flinn, Mel Healey and

15  Carol Healey filed the present action, on behalf of themselves and all others similar situated, in the

16  Eighth Judicial District Court in Clark County, Nevada.  Plaintiffs allege that Defendants Uponor,

17  Inc., RCR Plumbing & Mechanical, Inc., Interstate Plumbing & Air Conditioning, LLC, United

18  Plumbing, LLC, Ferguson Enterprises, Inc., and Hughes Water and Sewer LP are engaged in the

19  business of designing, developing, manufacturing, distributing, marketing, selling, and installing the

20  Wirsbo PEX plumbing system, including Wirsbo brass fittings, as part of the potable water supply

21  systems of residential dwellings in Clark County, Nevada.

22    2.    Plaintiffs allege that "yellow brass" Wirsbo fittings installed as part of Wirsbo

23  plumbing systems in residential dwellings in Clark County, Nevada, are defective due to a process

24  referred to as dezincification.  Plaintiffs sued the Defendants, including INTERSTATE PLUMBING

25  & AIR CONDITIONING, LLC, under the following theories of liability: (1) product liability; (2)

26  strict liability; (3) breach of express warranty; (4) breach of implied warranty; (5) breach of warranty

27  of mechantibility; and (6) negligence.  Plaintiffs sought general and special damages in excess of

28  $10,000,000.00.

3.      On September 15, 2008, Defendant Uponor, Inc. removed the lawsuit from Clark County District Court to Federal Court pursuant to the Class Action Fairness Act ("CAFA"). [# 1]

4.      On April 20, 2009, Plaintiffs filed a Motion for Class Certification. [# 110]  The Court thereafter permitted a period of discovery, and through various extensions, set a hearing for Plaintiffs' Motion for Class Certification on January 25, 2010.

5.      A substantial part of the discovery conducted by Defendants to date, including Defendant INTERSTATE PLUMBING & AIR CONDITIONING, LLC, has been to defend against Plaintiffs' Motion for Class Certification.

6.      Throughout the discovery period, Defendants, including Defendant INTERSTATE PLUMBING & AIR CONDITIONING, LLC, attended and participated in numerous depositions, including an estimated nine (9) out of state depositions, reviewed and investigated thousands of pages of documentation disclosed by the Plaintiffs, retained experts, attended destructive testing and/or visual inspections of at least five (5) homes, and attended metallurgical testing of plumbing components selected by Plaintiffs at Seal Laboratories in El Segundo, California.  This discovery was all primarily geared towards defeating Plaintiffs' Motion for Class Certification.

7.      Since the initiation of this case, the Defendants have engaged in numerous motion filings and arguments primarily relating to discovery and concerns of class certification.  These Motions included a Motion for Preliminary Injunction and/or Temporary Restraining Order filed by Defendants Ferguson Enterprises, Inc. and United Plumbing, LLC [# 209], which Defendant INTERSTATE PLUMBING & AIR CONDITIONING, LLC joined, and Plaintiffs' Motion for Leave to File a Second Amended Complaint [# 219], which the Defendants, including INTERSTATE PLUMBING & AIR CONDITIONING, LLC, opposed.

8.      On December 3, 2009, Plaintiffs filed a Notice of Withdrawal of Motion for Class Certification. [# 278]  Plaintiffs did not seek leave of the Court to file an amended complaint to withdraw the class allegations from their pleadings.

9.      On December 7, 2009, Plaintiffs filed a Motion to Voluntarily Dismiss this litigation in its entirety. [# 285]  On January 27, 2010, this Court entered an Order granting Plaintiffs' Motion for Voluntary Dismissal, in part, and dismissed this lawsuit with prejudice, including all allegations in

1  the Complaint. [# 349]  The Court expressly retained jurisdiction to consider Motions for Attorneys'

2  Fees and Costs filed by the Defendants, including INTERSTATE PLUMBING & AIR

3  CONDITIONING, LLC.

4        10.    INTERSTATE PLUMBING & AIR CONDITIONING, LLC filed its Motion for

5  Attorneys' Fees and Costs on February 10, 2010. [# 354]  On March 11, 2009, INTERSTATE

6  PLUMBING & AIR CONDITIONING, LLC filed its Reply to Plaintiffs' Opposition to its Motion for

7  Attorneys' Fees and Costs, in which INTERSTATE PLUMBING & AIR CONDITIONING, LLC

8  supplemented its Motion with additional fees and costs incurred since filing its original Motion, and

9  included an Affidavit from Eileen Mulligan Marks, Esq., in compliance with LR 54-16. [# 369]

10        11.    INTERSTATE PLUMBING & AIR CONDITIONING, LLC requested an award of

11  attorneys' fees and non-taxable costs, including experts' fees and travel costs for attending numerous

12  out of state depositions noticed by Plaintiffs, in the amount of **$269,156.26**.  INTERSTATE

13  PLUMBING & AIR CONDITIONING, LLC also requested taxable costs in the amount of

14  **$17,178.44**.  In all, INTERSTATE PLUMBING & AIR CONDITIONING, LLC requested its

15  attorneys' fees, non-taxable costs, and taxable costs in the total amount of **$286,334.70**.

16        12.    At the hearing on May 10, 2010, this Court awarded INTERSTATE PLUMBING &

17  AIR CONDITIONING, LLC 20% of its attorneys' fees and non-taxable costs, and ordered the re-

18  taxing of costs to confirm that no amount of attorneys' fees and non-taxable costs were included in

19  the original taxation of costs.

20        13.    On May 25, 2010, INTERSTATE PLUMBING & AIR CONDITIONING, LLC filed

21  its amended bill of costs confirming its taxable costs in the total amount of $17,178.44 (#422) and

22  further confirming that those costs do not include any attorneys' time or any other matter not properly

23  taxable under LR 54-1 through LR 54-15 and 28 U.S.C. § 1920-1924.

24        14.    On June 4, 2010, Plaintiffs filed an Objection and a Motion to Re-Tax Costs (#432).

25  INTERSTATE PLUMBING & AIR CONDITIONING, LLC filed a Reply to Plaintiffs' Objection and

26  Motion to Re-Tax on June 21, 2010 (#438), and Plaintiffs filed a Reply on June 28, 2010 (#446).  A

27  Hearing was held on August 13, 2010 and the Court issued a formal Order on September 20, 2010 re-

28  ///

1 | taxing INTERSTATE PLUMBING & AIR CONDITIONING, LLC's costs in the amount of

2 | $15,469.00. (#453)

3 | **II.      CONCLUSIONS OF LAW**

4 |        1.      The Court expressly retained jurisdiction to rule upon the Defendants' Motions for

5 | Attorneys' Fees and Costs.

6 |        2.      Local Rule 54-16 outlines the following factors to consider when awarding attorneys'

7 | fees: (1) the results obtained and the amount involved; (2) the novelty and difficulty of the questions

8 | involved; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other

9 | employment by the attorney due to the acceptance of the case; (5) whether the fee is fixed or

10 | contingent; (6) the time limitations imposed by the client or the circumstances; (7) the experience,

11 | reputation, and ability of the attorneys; (8) the undesirability of the case, if any; (9) the nature and

12 | length of the professional relationship with the client; and (10) awards in similar cases.

13 |        3.      INTERSTATE PLUMBING & AIR CONDITIONING, LLC submitted Affidavits of

14 | Eileen Mulligan Marks, Esq. with its Motion for Attorneys' Fees and Costs, and Reply to Plaintiffs'

15 | Opposition to its Motion for Attorneys' Fees and Costs, which met the requirements of Local Rule

16 | 54-16.

17 |        4.      In Affidavits submitted with INTERSTATE PLUMBING & AIR CONDITIONING,

18 | LLC's Moving and Reply Papers, counsel for INTERSTATE PLUMBING & AIR CONDITIONING,

19 | LLC attests that the law firm initially billed for its work at a rate of $140.00 per hour for partner time,

20 | $123.00 per hour for associate time, and $80.00 per hour for paralegal time. During the course of this

21 | litigation, the fee was increased to $160.00 per hour for partner time and $135.00 per hour for

22 | associate time. Counsel for INTERSTATE PLUMBING & AIR CONDITIONING, LLC also attests

23 | to the number of hours the law firm spent on INTERSTATE PLUMBING & AIR CONDITIONING,

24 | LLC's defense in this action.

25 |        5.      Plaintiffs have had the opportunity to review and respond to the evidence

26 | INTERSTATE PLUMBING & AIR CONDITIONING, LLC submitted in support of its Motion for

27 | Attorneys' Fees and Costs, including the Affidavits of counsel and invoices for taxable and non-

28 |

- 5 -

Doc#: 900961.1

1  taxable costs incurred.  Plaintiffs did not object to the hourly billing rate of counsel, nor the number of

2  hours billed in defending INTERSTATE PLUMBING & AIR CONDITIONING, LLC.

3      6.      The Court generally finds that the bulk of the attorneys' fees and non-taxable costs

4  incurred by the Defendants, including INTERSTATE PLUMBING & AIR CONDITIONING, LLC,

5  will have value in subsequent proceedings and may not be the subject of an attorneys' fees award in

6  this litigation.

7      7.      An award of some portion of the requested attorneys' fees and non-taxable costs,

8  including experts' fees and travel expenses for attending numerous out of state depositions noticed by

9  Plaintiffs, is reasonable and appropriate in this matter because of the risk that the Defendants,

10  including INTERSTATE PLUMBING & AIR CONDITIONING, LLC, will incur duplicative

11  attorneys' fees in defending identical issues in future proceedings, including, but not limited to, a

12  potential request for class certification.  More importantly, the attorneys' fees were incurred as a result

13  of Plaintiffs' own decision to seek class certification, only to later in the case withdraw their Motion

14  for Class Certification and file a Motion to Dismiss.

15      8.      The Court finds that requesting a delineation of fees in line-by line, date-by-date

16  format, and/or requiring INTERSTATE PLUMBING & AIR CONDITIONING, LLC to produce

17  redacted billing invoices, would require INTERSTATE PLUMBING & AIR CONDITIONING, LLC

18  to unnecessarily incur more attorneys' fees.

19      9.      As a result of the fact that several Defendants are requesting attorneys' fees and costs,

20  the Court finds that an in-gross ruling awarding attorneys' fees and non-taxable costs is appropriate

21  and finds that an award of twenty percent (20%) of the attorneys' fees and non-taxable costs incurred

22  by each of the Moving Defendants, including INTERSTATE PLUMBING & AIR CONDITIONING,

23  LLC, is a reasonable award of attorneys' fees and non-taxable costs, including experts' fees and travel

24  expenses to attend the numerous depositions in Minneapolis, Minnesota of Defendant Uponor, Inc.'s

25  personnel noticed by the Plaintiffs.

26      10.      The Moving Defendants have requested attorneys' fees, non-taxable costs, and

27  taxable costs in a collective amount of slightly more than $1 million.  An award of one-fifth (1/5), or

28  twenty percent (20%), of attorneys' fees and non-taxable costs incurred by INTERSTATE

1  PLUMBING & AIR CONDITIONING, LLC, and each of the other Moving Defendants, is reasonable

2  under the circumstances and findings as set forth above, as reducing the fees requested by each such

3  Defendant provides for a reasonable collective fee award of approximately $200,000. This award of

4  attorneys' fees and non-taxable costs is specifically entered against the named Plaintiffs, and not

5  counsel for the Plaintiffs.

6      11.    The Court finds that it is reasonable and appropriate to award INTERSTATE

7  PLUMBING & AIR CONDITIONING, LLC taxable costs in the amount of $15,469.00.

8      12.    INTERSTATE PLUMBING & AIR CONDITIONING, LLC is not entitled to pre-

9  judgment interest. However, INTERSTATE PLUMBING & AIR CONDITIONING, LLC is entitled

10  to post-judgment interest from the date of entry of the final Judgment of Dismissal with Prejudice,

11  January 27, 2010, until the award is satisfied in full.

12  **III.   ORDER**

13      The Court awards Defendant INTERSTATE PLUMBING & AIR CONDITIONING, LLC

14  twenty percent (20%) of its requested attorneys' fees and non-taxable costs, including experts' fees, in

15  the amount of **$53,831.25**.

16      The Court awards Defendant INTERSTATE PLUMBING & AIR CONDITIONING, LLC

17  taxable costs in the amount of **$15,469.00**.

18      As such, the Court awards Defendant INTERSTATE PLUMBING & AIR CONDITIONING,

19  LLC its attorneys' fees and costs in the total amount of **$69,300.25**.

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

1    The Court awards Defendant INTERSTATE PLUMBING & AIR CONDITIONING, LLC

2    post-judgment interest at the federal judgment rate.  The weekly average of the 1-year constant

3    maturity Treasury yield for the week before January 27, 2010 is .31%.  The daily rate for post-

4    judgment interest is .00000849315 ($.0031/365).  Post-judgment interest will accumulate at $.58/day

5    until satisfied (.00000849315 * $69,300.25).

6

7    Dated  November 29th, 2010

8                                                                    Honorable Robert C. Jones
                                                                          United States District Court

9

10

11   Respectfully Submitted:

12   THE MARKS LAW GROUP, LLP

13

14   By: _____
     EILEEN MULLIGAN MARKS, ESQ. / 005708

15   SHARON A. PARKER, ESQ. / 008274
     1120 Town Center Drive, Suite 200

16   Las Vegas, Nevada  89144

17   Attorneys for Defendant INTERSTATE
     PLUMBING & AIR CONDITIONING, LLC

18

19

20

21

22

23

24

25

26

27

28

- 8 -