**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| EDWIN K. SLAUGHTER et al., | ) | |
| Plaintiffs, | ) | |
| | ) | 2:08-cv-01223-RCJ-GWF |
| vs. | ) | |
| | ) | |
| UPONOR, INC. et al., | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |

This case is a class action products liability lawsuit against Defendants, who manufactured, marketed, distributed, and installed allegedly defective plumbing components that Plaintiffs allege caused harm or may in the future cause harm to their residences located in Clark County, Nevada. The Court has dismissed the case with prejudice, and Plaintiffs have appealed.

Defendant RCR Plumbing & Mechanical, Inc. ("RCR") recently asked the Court to stay a state court action, *The Gables Condominium Owners' Association v. Uponor, Inc.*, No. A533498 ("the *Gables* litigation"). The Court denied the motion, ruling that the dismissal order in the present case "precludes the certification of a class in any subsequent litigation that mirrors the putative class in the present case[, and] precludes even individual cases or Chapter 40 actions by the named Plaintiffs in the present case." (Order 5:12–14, Apr. 1, 2011, ECF No. 512). The *Gables* litigation appeared to include only one named plaintiff, who was not a named Plaintiff in the present case, and there was no motion for class certification or even any class allegations.

1  However, the Court warned, "If and when any plaintiff in [the *Gables*] case or another case
2  attempts to file class allegations or certify a class, this Court may enjoin such an action based on
3  the Dismissal Order." (*Id.* at 6:1–3).

4  RCR has now filed motions to temporarily restrain and preliminarily enjoin another state
5  court case. That case, *Wolinsky v. Carina Corp.*, No. A602525 ("the *Wolinsky* litigation"), is
6  pending in state court in Clark County, and the plaintiffs in that case recently filed a motion to
7  certify a class corresponding to the class in the present dismissed case. RCR asks the Court to
8  dismiss or stay the *Wolinsky* case. For the reasons given herein, the court denies the motions.

9  **I.    FACTS AND PROCEDURAL HISTORY**

10  On July 28, 2008, Plaintiffs Edwin K. Slaughter, Rebecca Flinn, Mel Healey, and Carol
11  Healey filed the present class action lawsuit in state court. (*See* Compl., July 28, 2008, ECF No.
12  1, Ex. A). Defendants Uponor, Inc.; Uponor North America, Inc.; RCR Plumbing and
13  Mechanical, Inc. ("RCR"); Interstate Plumbing & Conditioning, LLC; United Plumbing, LLC;
14  Ferguson Enterprises, Inc.; Hughes Water & Sewer LP; Standard Wholesale Supply Company;
15  and HD Supply Construction Supply, Limited Partnership are engaged in the business of
16  designing, developing, manufacturing, distributing, marketing, selling, and installing the Wirsbo
17  PEX plumbing system, Wirsbo brass fittings, and other plumbing materials. Plaintiffs alleged
18  that the Wirsbo brass fittings installed in certain residences throughout Clark County were
19  defective. Brass is a metal alloy of copper and zinc containing a copper-to-zinc ratio anywhere
20  from 10:1 to 1:1, and sometimes containing small amounts of other metals. "Yellow brass" has a
21  copper-to-zinc ratio of 2:1. Plaintiffs alleged the Wirsbo yellow brass fittings reacted with the
22  water in Clark County in a chemical reaction known as dezincification, whereby zinc leaches out
23  of yellow brass. In a few cases, this caused leaks or breaks in pipes, causing water damage, and
24  Plaintiffs anticipated more leaks or breaks would occur in the future. Plaintiffs sued under the
25  following theories of liability: (1) product liability; (2) strict liability; (3) breach of express

warranty; (4) breach of implied warranty; (5) breach of warranty of merchantability; and (6) negligence. Plaintiffs sought general and special damages in excess of $10,000,000. Defendants removed pursuant to the Class Action Fairness Act.

During the litigation, the Court ruled that no plaintiff or putative class member could pursue Chapter 40 remedies under state law and also recover in the class action, because that would constitute double recovery. In other words, those who had pursued Chapter 40 remedies were excluded from a potential class, and any named Plaintiffs who had done so were dismissed. Plaintiffs, unhappy with this ruling, moved to voluntarily dismiss without prejudice and withdrew their pending motion to certify the class. The Court granted the motion in part, dismissing with prejudice. Plaintiffs appealed that order and all previous rulings. The Ninth Circuit scheduled briefing to be completed by July 7, 2010. Plaintiffs amended the notice of appeal three times to include appeals of the Court's denial of a motion to reconsider and grant of attorneys fees and costs. The Ninth Circuit scheduled supplemental briefing to be completed by April 27, 2011.

## II.   LEGAL STANDARDS

The All Writs Act and Anti-Injunction Act together define the scope of a federal court's ability to enjoin state court proceedings. "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). However, "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283.

## III.   ANALYSIS

RCR asks the Court to dismiss or stay the *Wolinsky* litigation, where the putative class is

the same as the uncertified putative class in the present, now-dismissed federal action.[1] RCR is not a party to the *Wolinsky* litigation. Still, RCR is a party to the present case, and it presumably has standing to ask this Court to enjoin state court proceedings that threaten this Court's jurisdiction in the present case. Unlike the *Gables* litigation, which the Court declined to enjoin, the *Wolinsky* litigation includes class allegations. But although the class allegations are similar, the Defendants in the present case are not implicated in the *Wolinsky* litigation. The sole Defendant in the *Wolinsky* litigation is Carina Corp., and the Dismissal Order is inapplicable to Carina Corp. because Carina Corp. is not a defendant in the present case. The Court will therefore not enjoin the *Wolinsky* litigation because this Court's judgment in favor of Defendants is not currently threatened by that action.

The third exception against federal injunctions of state court actions—the protection of a federal court's judgments—is implicated where a claim in a subsequent state court action is precluded by a judgment in a prior federal court action. *Brother Records, Inc. v. Jardine*, 432 F.3d 939, 942–43 (9th Cir. 2005). "Claim preclusion 'applies when there is (1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between the parties.'" *Cell Therapeutics, Inc. v. Lash Grp., Inc.*, 586 F.3d 1204, 1212 (9th Cir. 2009) (quoting *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002)). Even assuming the first two prongs are satisfied here, the third prong is only potentially satisfied as to the respective plaintiff classes in the federal and state court actions, but not as to the respective defendants in the two actions. The Dismissal Order is preclusive only as to Defendants or those in privity with them, *FTC v. Garvey*, 383 F.3d 891, 899 (9th Cir. 2004) (reversing a district court's res-judicata-based summary judgment order where the defendant in the subsequent case was neither identical to nor in privity with the defendant in the prior case), and Carina Corp., the sole defendant in the *Wolinsky* litigation, is neither a Defendant in the present case nor alleged to be in privity with

---

[1] The plaintiffs' attorneys are the same in both cases

1 any Defendant in the present case.

2     The third exception to the Anti-Injunction Act also applies to issue preclusion, or
3 collateral estoppel. *Golden v. Pac. Mar. Ass'n*, 786 F.2d 1425, 1427 (9th Cir. 1986). However,
4 issue preclusion also requires an identity of parties that is lacking here. "Collateral estoppel, or
5 issue preclusion, bars the relitigation of issues actually adjudicated in previous litigation *between*
6 *the same parties*." *Steen v. John Hancock Mut. Life Ins. Co.*, 106 F.3d 904, 910 (9th Cir. 1997)
7 (citations and internal quotation marks omitted) (emphasis added). Because there is no identity
8 of the respective defendants in the present case and the *Wolinsky* litigation, no claims or issues in
9 the *Wolinsky* litigation are precluded, the third exception to the Anti-Injunction Act does not
10 apply, and the Court denies the motion to dismiss or stay the *Wolinsky* litigation.

## CONCLUSION

12     IT IS HEREBY ORDERED that the Motions to Stay or Dismiss State Court *Wolinsky*
13 Litigation (ECF Nos. 514, 515) are DENIED.

14     IT IS FURTHER ORDERED that the Motion to Strike (ECF No. 528) is DENIED.

15     IT IS SO ORDERED.

16 Dated this 9th day of May, 2011.

_____
ROBERT C. JONES
United States District Judge