1

2

3

4              **UNITED STATES DISTRICT COURT**

5                   **DISTRICT OF NEVADA**

6

7   EDWIN K. SLAUGHTER et al.,          )
                                        )
             Plaintiffs,                )
8                                       )        2:08-cv-01223-RCJ-GWF
        vs.                             )
9                                       )
    UPONOR, INC. et al.,                )            **ORDER**
10                                      )
             Defendants.                )
11   _____)

12

13          This case arises out of the manufacture, marketing, distribution, and installation of

14   allegedly defective plumbing components, which Plaintiffs allege caused harm, or threaten to

15   cause harm, to their residences.  Pending before the Court are Plaintiffs' motion to disburse

16   funds deposited with the Clerk in lieu of surety pending appeal, as well as Plaintiffs' motion to

17   dismiss voluntarily without prejudice and without attorney's fees.  For the reasons given herein,

18   the Court grants the motion to disburse funds and denies the motion to dismiss.

19   **I.    PROCEDURAL HISTORY**

20          Plaintiffs filed a motion to certify the class but withdrew that motion and moved for

21   voluntary dismissal without prejudice.  The Court dismissed the case with prejudice.  The Court

22   of Appeals reversed and remanded, instructing the Court to determine in the first instance: (1)

23   whether the Plaintiff homeowners complied with the inspection requirements of Nevada Revised

24   Statutes ("NRS") section 40.647(1); and (2) whether Federal Rule of Civil Procedure 41 or NRS

25   section 40.647(2)(a) applied to a motion to voluntarily dismiss.  The mandate has issued.

1   Plaintiffs have filed a renewed motion to dismiss without prejudice addressing the issues

2   identified by the Court of Appeals.

3   **II.**     **LEGAL STANDARDS**

4      **a.**     **Federal Rule of Civil Procedure 41**

5      "Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's

6   request only by court order, on terms that the court considers proper. . . . Unless the order states

7   otherwise, [such] a dismissal . . . is without prejudice." Fed. R. Civ. P. 41(a)(2).  When a court

8   dismisses with prejudice pursuant to this rule, attorneys fees should not be provided, because the

9   defendant cannot be made to defend the case again. *AeroTech, Inc, v. Estes*, 110 F.3d 1523,

10   1527–28 (10th Cir. 1997).  When a court dismisses without prejudice under the rule, however, it

11   has discretion to condition the dismissal upon payment of attorney's fees, because the defendant

12   could be made to defend a second time. *See Stevedoring Servs. of Am. v. Armilla Int'l B.V.*, 889

13   F.2d 919, 921 (9th Cir. 1989).  However, "a defendant is entitled only to recover, as a condition

14   of dismissal under Fed. R. Civ. P. 41(a)(2), attorneys fees or costs for work which is not useful in

15   continuing litigation between the parties." *Koch v. Hankins*, 8 F.3d 650, 652 (9th Cir. 1993).

16      **b.**     **Nevada Revised Statutes Section 40.647**

17      When a construction-defect plaintiff in Nevada has failed to file a notice pursuant to NRS

18   section 40.645 or has failed thereafter to permit an inspection and reasonable opportunity to

19   repair pursuant to NRS section 40.647(1), a court must dismiss the case without prejudice and

20   compel the plaintiff to file such a notice before filing another action. *See* Nev. Rev. Stat. §

21   40.647(2)(a).

22   **III.**     **ANALYSIS**

23      Federal courts sitting in diversity apply the substantive law of the state in which the court

24   sits, *Erie R.R. Co. v. Thompkins*, 304 U.S. 64, 78 (1938), but apply federal rules of procedure,

25   *Hanna v. Plumer*, 380 U.S. 460, 463–64 (1965).  The substance–procedure question does not

turn on whether the choice is outcome-determinative. *Id.* at 466–69.  "The *Erie* rule has never

been invoked to void a Federal Rule." *Id.* at 470.  The essential question is the scope of the

relevant federal rule. *Id.*

Here, the relevant federal rule is Rule 41(a)(2).  The language "on terms that the court

considers proper" is on its face extremely broad.  The Court of Appeals has affirmed that one of

the "terms" that may be imposed under the rule is that a case may be dismissed with prejudice.

*See, e.g.*, *Hargis v. Foster*, 312 F.3d 404, 412 (9th Cir. 2002).  The Court therefore finds that

because the dismissal of an action with prejudice is within the scope of the terms a district court

may impose upon a voluntary dismissal under Rule 41(a)(2), a district court need not follow

NRS section 40.647(2)(a), which mandates dismissal without prejudice, when a party moves

voluntarily to dismiss a Chapter 40 case in federal court.

However, the Court need not reach that issue here.  It is enough that Plaintiffs did not file

the required notices before filing suit.  Section 40.645 states that a claimant must file a Chapter

40 notice "before a claimant commences an action . . . ." Nev. Rev. Stat. § 40.645(1) (emphasis

added).[1]  The Court of Appeals noted that Plaintiffs filed the Chapter 40 notices only after

commencing the present suit.  This Court previously made the same observation. (*See* Order 2–3,

Jan. 25, 2010, ECF No. 348).  Named Plaintiffs in the Complaint were Edwin Slaughter,

Rebecca Flinn, Mel Healey, and Carol Healey, (*see* Compl. 1, July 28, 2008, ECF No. 1-2, at 2),

and the Amended Complaint ("AC") added no plaintiffs, (*see* Am. Compl. 1, June 23, 2009, ECF

---

[1]There is an exception to the pre-suit notice requirement for defects that "create[] an imminent threat to the health or safety of the inhabitants of the residence," *id.* § 40.670(1), but the allegations in the present case do not implicate this exception.  Plaintiffs allege a fear that at some time in the future the pipes in their homes may leak or fail at the joints, causing water damage to their property. (*See* Am. Compl. ¶¶ 31–33).  Also, if dismissal would prevent a subsequent action due to the statute of limitations, a court must stay a proceeding pending compliance with the notice, inspection, and repair provisions of the statutes, *see id.* § 40.647(2)(b), but Plaintiffs do not argue that this subsection is implicated.

1   No. 156).  Edwin Slaughter filed his Chapter 40 notice on December 24, 2008, Rebecca Flinn

2   had not filed a Chapter 40 notice as of January 25, 2010, and Mel and Carol Healey filed a

3   Chapter 40 notice on April 21, 2009. (*See* Order, 2–3, Jan. 25, 2010, ECF No. 348).  Therefore,

4   all named Plaintiffs in this case failed to file Chapter 40 notices before filing the Complaint.

5          Because the failure to file Chapter 40 notices before filing the present action mandates

6   dismissal under the state statute, *see* Nev. Rev. Stat. § 40.647(2), (2)(a) ("If a claimant

7   commences an action without complying with subsection 1 or NRS 40.645, the court shall

8   [d]ismiss the action without prejudice and compel the claimant to comply with those provisions

9   before filing another action . . . ."), the Court would ordinarily dismiss under that statute and

10  deny as moot the Rule 41 motion to dismiss voluntarily.  The statute requires dismissal without

11  prejudice, *see id.*, so the discretion the Court would normally have to dismiss with prejudice

12  under Rule 41(a)(2) if the state statute were not directly implicated by a failure in notice,

13  inspection, or opportunity to repair is not implicated.

14         At oral argument, however, several circumstances became clear that counsel a different

15  approach: (1) upon dismissal without prejudice under Chapter 40, Plaintiffs would simply file a

16  new class action in state court that would inevitably be removed back to this Court; and (2) the

17  named Plaintiffs wish to withdraw and be substituted by different named Plaintiffs who have

18  complied with Chapter 40.  The Court will therefore deny the present motion to dismiss and

19  solicit the substitution of named Plaintiffs who have complied with Chapter 40's notice,

20  inspection, and repair requirements before suit, as well as an amendment of the class allegations

21  to include only those putative class members who have complied or will comply with Chapter

22  40's notice, inspection, and repair requirements before judgment.  Finally, because the dismissal

23  upon which they were based has been reversed, the Court will also vacate its previous orders and

24  judgments granting attorney's fees.

25  ///

1

**CONCLUSION**

2          IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 558) is DENIED.

3          IT IS FURTHER ORDERED that the Motion to Disburse Funds (ECF No. 551) is

4    GRANTED.

5          IT IS FURTHER ORDERED that the Court's previous orders and judgments relating to

6    attorney's fees (ECF Nos. 468–477) are VACATED.

7          IT IS SO ORDERED.

8    Dated This 9th day of July, 2012.

9

10    _____

11          ROBERT C. JONES
           United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25