UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| EDWIN K. SLAUGHTER et al., | ) | |
| Plaintiffs, | ) | |
| | ) | 2:08-cv-01223-RCJ-GWF |
| vs. | ) | |
| | ) | |
| UPONOR, INC. et al., | ) | ORDER |
| | ) | |
| Defendants. | ) | |

This case arises out of the manufacture, marketing, distribution, and installation of allegedly defective plumbing components, which Plaintiffs allege caused harm, or threaten to cause harm, to their residences. Pending before the Court is Defendants Uponor North America, Inc.'s and Uponor Wirsbo Co.'s motion to stay or to extend time to file a responsive pleading to a cross-claim. For the reasons given herein, the Court denies the motion.

**I.   PROCEDURAL HISTORY**

Plaintiffs filed a motion to certify the class but withdrew that motion and moved for voluntary dismissal without prejudice. The Court dismissed the case with prejudice under Rule 41. The Court of Appeals reversed and remanded, instructing the Court to determine whether the Plaintiff homeowners complied with the inspection requirements of Nevada Revised Statutes ("NRS") section 40.647(1) and whether Rule 41 or NRS section 40.647(2)(a) applied to a motion to voluntarily dismiss. Plaintiffs filed a renewed motion to dismiss without prejudice, addressing the issues identified by the Court of Appeals. The Court denied the motion to dismiss because although all named Plaintiffs had failed to file Chapter 40 notices before filing the Complaint,

making dismissal without prejudice under state law mandatory, and making a Rule 41 analysis moot, it was clear that Plaintiffs would simply refile the case and that it would be removed to this Court again.  The Court also noted that named Plaintiffs would withdraw and be replaced by new named Plaintiffs who had complied with Chapter 40's notice requirements.  Movants now ask the Court to stay the case, or to extend the time to respond to HD Supply Waterworks, LP's cross-claim in consolidated case *Wolinsky v. Carina Corp.*, No. 2:11-cv-00812, pending the outcome of a motion before the Judicial Panel on Multidistrict Litigation ("JPML") to transfer the present case to a multidistrict litigation case in the District of Minnesota: *In Re: Uponor, Inc. F1960 Plumbing Fitting Products Liability Litigation*, MDL-2393 (the "MDL Case").

## II.     LEGAL STANDARDS

"The power of a court to stay proceedings is 'incidental to the power inherent in every court to control the disposition of the causes on its docket with the economy of time and effort for itself, for counsel, and for litigants.'" *Benge v. Eli Lilly & Co.*, 553 F. Supp. 2d 1049, 1049 (N.D. Ind. 2008) (quoting *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936)).  In the context of motions to stay pending the outcome of a motion to transfer filed with the JPML, district courts consider the following three factors: (1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the matter is not stayed; and (3) economy of judicial resources. *See Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997)).

## III.    ANALYSIS

Movants note that they are Defendants in the present case and nineteen other cases identified in the motion to transfer filed with the JPML and that Plaintiffs' counsel in the present case are counsel in many of the other cases and in fact initiated the MDL proceedings.  Plaintiffs note that potentially hundreds of thousands of class members in Nevada alone may be affected.  For the same reasons the Court has consolidated many of the nearly identical cases Plaintiffs' attorneys have filed within this District, it would be more efficient for the MDL court to

determine common pretrial matters in all such related cases across district boundaries.  Judicial economy therefore favors a stay.

Plaintiffs object.[1]  They argue that there is no reason for further delay and that they would suffer prejudice from a delay.  However, it is Plaintiffs who are in possession of the physical evidence in this case, and in fact Defendants have argued for years that Plaintiffs have been intransigent in permitting inspections as required by state law.  It is difficult to see how evidence will be spoiled or lost by a delay.  Delay alone is not typically sufficient to show prejudice.  Plaintiffs do not argue how delay will prejudice their case.  Plaintiffs also note, however, that Movants will not be harmed in the absence of a stay, because an alternative extension of the time to respond to the cross-claim will satisfy their motion.  Plaintiffs also note that Uponor has asked the JPML only to transfer claims against Uponor, and that claims against other parties will not be transferred in any case.  Also, Movants will be required to respond to the cross-claim, either here or in Minnesota, regardless of whether the transfer motion is granted.  The potential transfer therefore does not bear on the time Movants need to respond.

///
///
///
///
///

---

[1] Objecting Plaintiffs have no standing to object, as they are the same named Plaintiffs who the Court has recently noted have not complied with Chapter 40.  The Court refused to dismiss under state law because Plaintiffs' counsel represented at oral argument that these Plaintiffs would be replaced with Plaintiffs who have complied with Chapter 40 and therefore have standing.  Yet Plaintiffs' counsel has filed the present motion in the name of the named Plaintiffs who have not complied with Chapter 40.  In essence, it is Plaintiffs' attorneys who object, but although counsel have their own economic interests in directing the present litigation, they are of course not parties with standing under Article III.

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion to Stay (ECF No. 578) is DENIED.

IT IS SO ORDERED.

Dated this 13th day of September, 2012.

_____
ROBERT C. JONES
United States District Judge