1
2
3
4
5                    **UNITED STATES DISTRICT COURT**

6                         **DISTRICT OF NEVADA**

7

8   DANIEL JAMES HARTMANN, *et al.*,          )   Case No.  2:08-cv-01223-RCJ-GWF
                                              )   **CONSOLIDATED WITH:**
9                          Plaintiffs,        )   2:11-cv-00425-RCJ-GWF
                                              )   2:11-cv-00783-RCJ-CWH
10  vs.                                       )   2:11-cv-00812-RCJ-CWH
                                              )   2:11-cv-00830-RCJ-GWF
11  UPONOR, INC., *et al.*,                   )   2:11-cv-01498-RCJ-GWF
                                              )   2:11-cv-01875-JCM-GWF
12                                            )   2:12-cv-00002-RCJ-GWF
                           Defendants.        )   2:12-cv-00206-JCM-PAL
13  _____      )   2:12-cv-00207-RCJ-CWH
    AND RELATED CASES.                        )
14  _____      )   <u>**CASE MANAGEMENT ORDER**</u>

15          This matter is before the Court on the Motion for Entry of Case Management Order (#747),

16  filed by Defendants PN II, Inc., dba Pulte Homes of Nevada, Del Webb Communities, Inc., Centex

17  Homes, Greystone Nevada LLC, Meritage Homes of Nevada, Inc., Richmond American Homes of

18  Nevada, Inc., and U.S. Home Corporation, (collectively the "Builder Defendants"[1]), filed on March

19  20, 2013.  Defendant D.R. Horton, Inc. filed its Joinder in the Motion for Entry of Case

20  Management Order (#748) on March 21, 2013.  Plaintiffs filed their Response to the Motion for

21  Entry of Case Management Order (#777) on April 3, 2013.  Defendant Uponor, Inc. filed its

22  Response to the Motion for Entry of Case Management Order (#784) on April 3, 2013.  The

23  Builder Defendants filed their Reply in Support of Motion for Entry of Case Management Order

24  (#804) on April 11, 2013.  The Court conducted a hearing in this matter on April 15, 2013.

25  . . .

26  . . .

27

28  _____

            [1]The Builder Defendants are sometimes referred to as the "Developer Defendants."  The
    Court uses the term "Builder Defendants" for this group of Defendants.

**INTRODUCTION**

The Plaintiffs and the "Builder Defendants" have each submitted proposed case management orders for the Court's consideration.  The parties agree on several provisions of a case management order, but have some areas of disagreement, particularly in regard to discovery relating to class certification issues.  Entry of a case management order regarding class certification discovery and motion practice is contingent on the District Judge's decision on the Builder Defendants Emergency Motion to Compel Precertification Inspection and Testing (#736).  The data obtained from the inspections and testing will be analyzed by the Defendant's experts in preparing their opinions, which the Defendants will, in turn, use in responding to the Plaintiffs' Amended Motion for Class Certification (#691, #692).  Plaintiffs have also indicated a desire to submit supplemental expert opinions in support of their motion for class certification based on the results of such inspection and testing or in response to the opinions of the Defendants' class certification experts.

**Subject to further supplementation, the Court hereby adopts the following Case Management Order:**

**1.     GENERAL**

    **1.1     Application**

This Case Management Order shall govern the above-captioned cases (collectively, this "Consolidated Action").

    **1.2     Applicable Court Rules**

On any matter about which this Case Management Order is silent, the Federal Rules of Civil Procedure and the Local Rules of Practice for the United States District Court for the District of Nevada shall be controlling.

**2.     DOCUMENT AND PHYSICAL EVIDENCE DEPOSITORY**

    **2.1     Establishment**

A document and physical evidence depository shall be established and managed by Litigation Services at 3770 Howard Hughes Parkway, Suite 300, Las Vegas, Nevada 89169. Litigation Services shall serve as a neutral depository and the parties shall be responsible for their

respective share of the expense for its services.  Documentary evidence should be electronically accessible by the parties on a 24 hour basis, seven days per week.  The parties shall agree upon a protocol with Litigation Services regarding access to physical evidence which should provide for reasonable advanced notice of a request for inspection of physical evidence so that Litigation Services can locate the evidence and make it available for inspection.

Plaintiffs' counsel requested that they be permitted to store physical evidence in their possession, custody and control in their already established warehouse.  In order to avoid potential issues relating to a party's access to evidence under the control of another party, the Court directs that physical evidence from the homes that are the subject of this Consolidated Action be deposited in the depository maintained by Litigation Services.  Plaintiffs are not required to deposit physical evidence from homes that are not the subject of this Consolidated Action that Plaintiffs allege is or may be relevant to this action.  Plaintiffs shall preserve and maintain such other physical evidence and make it available for inspection by the parties in this action upon reasonable request and at reasonable times.

### 2.2    Production Procedure

**a.**  Subject to the preceding section, any party producing documentary or tangible evidence shall do so by depositing such evidence at Litigation Services.  Any party wishing to utilize or rely upon evidence in this Consolidated Action must deposit such evidence at Litigation Services.  The evidence shall be accompanied by a "Notice of Compliance," which shall be served on all parties concurrent with the deposit of such evidence.  The Notice of Compliance shall contain an index with a reasonably specific description of the evidence deposited.

**b.**  All documents produced, including photographs, must be scanned or otherwise converted to PDF format, consecutively Bates stamped, made searchable (i.e. OCR'd), placed on a CD or DVD along with the accompanying Notice of Compliance, and delivered to Litigation Services.  Upon receipt of the evidence in the proper format, Litigation Services shall upload the evidence to the depository site either by or at the cost of the producing party.  Parties will have the option of accessing and printing the documents remotely or by ordering them through Litigation Services.

3

**c.** If photographs are deposited, the parties are instructed to produce color photographs grouped by subject matter and/or date and accompanied by an index that fairly and adequately identifies the contents of the photographs, the location depicted in the photographs (with reasonable specificity), the photographer, and the date on which the photograph was taken.

**d.** Any tangible evidence other than documents deposited with Litigation Services must bear a Bates number that corresponds to the index containing the reasonably specific description of such evidence.  Such index must (1) identify the location from where the item was obtained and the date the item was obtained; and (2) be accompanied by a proper chain of custody.

**Note:** If the parties desire a different procedure for the identification of plumbing components deposited in the depository, they should agree in writing on such a  procedure, or if they are unable to agree, then they should file an appropriate motion with the Court to establish such procedures.

**3.   CASE AGENDA**

**3.1   Phases**

In general, discovery and motion practice shall be conducted in two phases: the class certification phase and the merits phase.  Merits discovery shall not commence until after the conclusion of the class certification process as described herein.  However, where class certification and merits-based issues overlap, the parties shall use their reasonable best efforts to employ efficient and economical methods of performing such discovery in order to avoid multiple depositions of the same witnesses or the piecemeal production of documents.  The parties may and should agree to combine specific class certification and merits discovery when it is reasonable and economical to do so.  If they are unable to agree, they may apply to the Court for a ruling on such issues.

**3.2   Class Certification Discovery and Motion Schedule**

The District Judge has scheduled a hearing on Plaintiffs' Amended Motion for Class Certification (#691, #692) for August 2, 2013.  Pursuant to that hearing date, Defendants' responses to the amended motion for class certification are due on July 10, 2013, with Plaintiffs' reply in support of the amended motion due on July 22, 2013.  The Court's order scheduling the

4

1   hearing contemplates, however, that Defendants shall have the opportunity to inspect and conduct

2   testing in a percentage of the homes that are the subject of this Consolidated Action, and to obtain

3   expert opinions relating to class certification issues based on those inspections and testing to

4   support their response to Plaintiffs' motion for class certification.  Plaintiffs, in turn, state that they

5   may disclose additional expert witness opinions in response to the opinions of Defendants' class

6   certification experts.  The Court has not yet ruled on the Builder Defendants Emergency Motion to

7   Compel Precertification Inspection and Testing (#736) and consequently no inspections and testing

8   have occurred.  The hearing date and briefing schedule on the motion for class certification will

9   therefore have to be modified once the Court has the opportunity to decide Motion (#736) and

10  Defendants' class certification inspections and testing can commence and be completed.

11       The parties have raised issues regarding class certification expert witness disclosures, expert

12  depositions and the motion briefing schedule.  Subject to further modification by the District Judge,

13  the Court finds that the following provisions should govern the Class Certification Discovery and

14  the Motion Schedule:

15       **a.**   Disclosure of Class Certification Experts.

16            (1)  Plaintiffs should first disclose all expert opinion reports or declarations that they

17            intend to affirmatively rely on in support of their motion for class certification.

18            (2)  Defendants should disclose their expert opinion reports or declarations on class

19            certification following the completion of their inspections and testing of homes as

20            authorized by the Court.

21            (3)  Plaintiffs may disclose rebuttal expert opinion reports or declarations in

22            response to the reports or declarations of Defendants' experts.

23       **b.**   Depositions of Class Certification Experts.

24       To the extent depositions of class certification expert witnesses are permitted by the District

25  Judge, Plaintiffs and Defendants should be permitted to depose each others' expert witnesses.  All

26  expert reports or declarations should be disclosed prior to the commencement of depositions and

27  the depositions should be completed before Defendants file their response briefs and Plaintiffs file

28  their reply briefs.

**c.**      Motion Briefing Schedule

To be determined once the Court decides Motion (#736).

### 3.3      Merits Discovery and Case Schedule

The following schedule shall govern merits discovery, which shall run from the date the Court enters an order on Plaintiffs' motion for class certification:

(a) Fact discovery shall end two hundred seventy (270) days after the entry of the class certification order;

(b) Plaintiffs' Rule 26(a)(2) expert disclosures shall be made sixty (60) days prior to the fact discovery cutoff date;

(c) Defendants' Rule 26(a)(2) expert disclosures shall be made thirty (30) days prior to the fact discovery cutoff date;

(d) Expert discovery shall end sixty (60) days after the close of the fact discovery period (i.e., three hundred thirty (330) days after entry of the class certification order);

(e) Dispositive motions are due thirty (30) days after the expert discovery cutoff date;

(f) The joint pretrial order shall be due sixty (60) days after the dispositive motion deadline, unless dispositive motions are filed in which case the joint pretrial order shall be due sixty (60) days after all dispositive motions have been decided.

## 4.      **DISCOVERY**

### 4.1      Scope

The scope of discovery in this action shall be generally governed by Rule 26(b)(1) of the Federal Rules of Civil Procedure which states that "unless otherwise limited by court order, . . . [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense ...."  The Court may limit discovery in accordance with the provisions of Rule 26(b)(2).

The Builder Defendants have proposed that the scope of discovery be specifically limited to matters that (1) pertain to the residential communities at issue in this Consolidated Action, and (2) are relevant to any party's claim or defense.  The Builder Defendants further propose that "a Defendant from whom discovery is sought is only required to produce information and documents

relating to those communities for which claims have been asserted against it.  Further, all evidence (documentary, physical, or testimonial) must pertain to, and all expert opinions must be based upon, the specific plumbing fittings and the specific residential communities at issue in this Consolidated Action."  The Court declines to adopt this explicit limitation on the scope of discovery.  Any party may, however, object to or challenge the relevancy of discovery directed at residential communities other than those at issue in this Consolidated Action or within the class certified by the Court.  Whether such discovery will be permitted will depend on whether it is shown to be relevant to the claims and defenses in this Consolidated Action and should not otherwise be precluded under the standards set forth in Rule 26(b)(2).

### 4.2    Coordination

The parties to this Consolidated Action fall into the following general categories: homeowners and homeowners' associations (collectively "Plaintiffs"); residential builders/developers ("Builder Defendants"); plumbing subcontractors ("Subcontractor Defendants"); and Manufacturer ("Uponor") Defendants.  The parties, in general, and these groups in particular, shall, to the extent possible, coordinate in the inspection and testing of the subject homes, the taking of depositions, and the preparation and service of written discovery.

### 4.3    Defense Home Inspection and Testing

**a.** Coordination.  All parties shall coordinate and cooperate in the scheduling and performance of inspections and testing so that no class representative and/or putative class member shall be required to make his or her home available for inspection and testing on more than one occasion without good cause.

**b.** Cost.  Those parties who participate in a specific intrusive testing shall share pro-rata in the cost of that specific intrusive testing and restoration.  Participation includes extracting, sampling, dismantling, moving and/or directing the testing.  Any party shall be permitted to observe, photograph, videotape, record or attend the testing without charge, so long as it does not delay, interfere with or increase the cost of testing.  Any disputes concerning the testing and cost sharing shall be submitted to the Court for resolution.

. . .

1  **c.**  Production of Intrusive Testing Raw Data.  "Raw Data" means information (data)

2  obtained from scientific tests or procedures, and/or as revealed by measuring instruments.  By way

3  of example, "Raw Data" includes, but is not necessarily limited to, water composition results,

4  pressure and/or flow testing results, and fitting composition results.

5  In the event any "Raw Data" is generated on-site or off-site as a result of intrusive

6  testing performed pursuant to this Section, said "Raw Data," but not the expert analysis thereof,

7  shall be produced to all parties, by depositing the same in the depository within fourteen (14) days

8  of the "Raw Data" being generated.  "Raw Data" generated on-site should also be made available

9  for inspection by a representative of any party on-site.

10  **d.**  Class Certification Inspection and Testing.  During the class certification

11  discovery phase, Defendants shall be permitted to perform visual and intrusive inspections,

12  including the removal of a reasonable number of plumbing fittings from a statistically

13  representative sampling of homes involved in this Consolidated Action as authorized by the

14  Court's order on Motion (#736).  Defendants shall coordinate and provide Plaintiffs with a list of

15  the homes to be inspected by the date set forth in the class certification discovery schedule (to be

16  determined), and Plaintiffs shall provide Defendants access to those homes, or to a similar

17  alternative home if the home identified by Defendants is unavailable for some legitimate reason,

18  during the inspection time frame set forth in the same schedule.

19  **e.**  Merits Inspection and Testing.  During the merits discovery phase, Defendants

20  may also be permitted to perform visual and intrusive inspections, including removal of plumbing

21  fittings in accordance with the procedures set forth in subsections a-c above.  The number and

22  locations of homes to be inspected during merits discovery shall be based on a statistically reliable

23  sample as determined by agreement of the parties or by Court order.  Inspection of homes that are

24  lawfully subject to the provisions of Chapter 40 of the Nevada Revised Statutes shall be governed

25  by the provisions of Chapter 40 unless modified by further order of the District Court.

26  **f.**  Ownership of Removed Plumbing Fittings.  Plaintiffs and Defendants have each

27  asserted the right of ownership of any plumbing fittings removed by or at the direction of a

28  Defendant pursuant to inspection and testing authorized by the Court.  It is not necessary to resolve

8

the issue of ultimate ownership of the fittings at this time.  Upon completion of testing, the removed fittings shall be deposited in the neutral depository maintained by Litigation Services. Except for authorized evidentiary use in this action, the plumbing fittings shall not be removed from the neutral depository, or discarded or destroyed, except by the written stipulation of all parties or by Court order.   If, at the conclusion of this Consolidated Action, any party seeks "ownership" or possession of the removed fittings for use in any other legal proceeding or for any other lawful purpose, it may file a motion regarding the same.

       **g.**  Replacement of Removed Fittings.  Any plumbing fittings removed by a Defendant shall be replaced at the time of such removal.  Defendants' contractors will be responsible for satisfactorily replacing the removed fittings with dezincification-resistant brass fittings (fittings with less than 15 percent zinc as a percentage of weight or an alternative as agreed to by the parties or the Court).  Defendants' contractors shall also perform the drywall repairs and painting necessitated as a result of the fitting removal.

### 4.4    Plaintiffs' Home Inspections and Testing

Plaintiffs shall provide Defendants fourteen (14) days written notice of any onsite home inspection and/or testing, including fitting removal, to be performed by them or on their behalf. The parties may stipulate to a shorter period of notice for an inspection.  The procedures governing inspections and testing performed by Plaintiffs shall be the same as those governing the Defendants.

### 4.5    Depositions

       **a.**  Scheduling.  The parties shall cooperate in good faith in the scheduling of depositions.

       **b.**  Location.  Depositions shall be conducted at Litigation Services, 3770 Howard Hughes Parkway, Suite 300, Las Vegas, Nevada, 89169.  By agreement of the parties, depositions of witnesses located outside Clark County, Nevada may be conducted via video conferencing and the location of the court reporter may be at Litigation Services, 3770 Howard Hughes Parkway, Suite 300, Las Vegas, Nevada, 89169.   Any party requesting that a deposition be conducted by video conferencing or any party participating in or observing a video conference deposition shall be

responsible for a pro-rata share of the cost of the video conferencing.  For good cause shown, a non-party voluntarily participating in a video conference deposition may also be required to pay an appropriate pro-rata share of the expense for such deposition.

     **c.**  Duration.  Depositions of non-expert witnesses shall be subject to the duration limit of one (1) day of seven (7) hours set forth in Fed.R.Civ.Pro. 30(d)(1).  Depositions of expert witnesses shall be subject to a presumptive duration limit of two (2) days of seven (7) hours each. The duration of a deposition may be increased from the presumptive duration limit by agreement of the parties or, for good cause shown, by court order.

     The duration of depositions of witnesses designated pursuant to Fed.R.Civ.Pro. 30(b)(6) shall be for the reasonable time needed to complete the deposition which shall be determined based on the relevant factors, including, but not necessarily limited to, the number and breadth of the topics listed in the notice of deposition, the number of individual deponents designated to testify on the topics, and the number attorneys who will question the deponent(s).  A Rule 30(b)(6) deposition should, however, be completed within one (1) day of seven (7) hours if the relevant factors do not otherwise justify a longer deposition.

     In the case of Rule 30(b)(6) deponents, particularly those of Uponor, who have previously been deposed in other actions on the same topics, the party being deposed may deposit transcripts of those depositions in the document depository subject to the provisions of the protective order governing all parties to this action.  The examining attorneys should review the witness's previous deposition testimony for purposes of avoiding unnecessary duplication of testimony previously given on the same topic.  Nothing stated herein, however, precludes an attorney from asking clarifying or supplemental questions on topics covered during a prior deposition.

     **d.**  Examination.  Each group of parties (i.e. Plaintiffs, Builder Defendants, Subcontractor Defendants, Supplier Defendants, and Manufacturer (Uponor) Defendants) shall ordinarily designate one attorney to conduct the principal examination of the deponent. Examination by other attorneys should be limited to matters not previously covered.  For depositions subject to the limit of one (1) day of seven (7) hours, each group shall have at least one

(1) hour to examine a witness.  A group may grant its examination time to another group.

**4.6    Written Discovery**

    **a.**  Interrogatories.  Each group of parties (i.e. Plaintiffs, Builder Defendants, Subcontractor Defendants, Supplier Defendants, and Manufacturer (Uponor) Defendants) shall, to the extent possible, combine their interrogatories to any party into a single set of questions.  No question shall be asked that has already been answered in response to interrogatories propounded by another party unless there is reason to believe that a different answer will be given.  Each group of parties is limited to propounding no more than forty (40) interrogatories, including "discrete subparts."  *See Kendall v. GES Exposition Services, Inc.*, 174 F.R.D. 684 (D.Nev. 1997) and *Switch Communications v. Ballard*, 2011 WL 3957434 (D.Nev. 2011) regarding interpretation of "discrete subparts."  Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(2).  A party should not unreasonably refuse a request for leave to serve additional interrogatories.

    **b.**  Requests for Production of Documents.  Each group of parties (i.e. Plaintiffs, Builder Defendants, Subcontractor Defendants, Supplier Defendants, and Manufacturer (Uponor) Defendants) shall, to the extent possible, combine their requests for production and examination of documents to eliminate duplicative requests to the same party.

    **c.**  Requests for Admissions.  Each group of parties (i.e. Plaintiffs, Builder Defendants, Subcontractor Defendants, Supplier Defendants, and Manufacturer (Uponor) Defendants) shall, to the extent possible, coordinate and consolidate their requests for admission to eliminate duplicative requests to the same party.

**4.7    Prior Discovery**

    **a.**  Depositions.  Any party who took a deposition in any of the now consolidated cases prior to January 28, 2013, must deposit a copy of the deposition transcript in the document depository by May 19, 2013.  The Notice of Compliance pertaining to such deposition transcript must identify the name of the deponent, the affiliation of the deponent (i.e. homeowner, employee of a party, etc.), and the date of the deposition.  These depositions shall be usable in court proceedings in this Consolidated Action subject to the provisions of Fed.R.Civ.Pro. 32 or as

ordered by the Court.

      **b.** <u>Written Discovery.</u>  Any party who propounded or responded to written discovery (i.e. interrogatories, requests for production of documents, or requests for admissions) in any of the now consolidated actions prior to January 28, 2013, must deposit such discovery in the document depository by May 19, 2013.

      **c.** <u>Document Production.</u>  Any party who produced documents to another party in any of the now consolidated actions prior to January 28, 2013, must deposit such documents in the document depository by May 19, 2013.

**5.**    **PROTECTIVE ORDER**

      The agreed Protective Order Regarding Confidential Information entered in Case No. 2:08-cv-01223-RCJ-GWF (#182), as amended by order dated July 27, 2009 (#186), shall apply to this Consolidated Action, and is incorporated herein by reference.  Any confidential discovery previously produced in Case No. 2:08-cv-01223-RCJ-GWF, shall be produced to the parties in this action subject to the protective order.

**6.**    **RESOLUTION OF EMERGENCY DISCOVERY DISPUTES**

      Emergency discovery disputes may be presented to the Magistrate Judge in accordance with Local Rule (LR) 26-7(c).  The Court will endeavor to make itself available to conduct telephonic hearings on short notice to resolve disputes that may arise concerning scheduling or other discovery issues that need to be resolved on an expedited basis.  The parties are encouraged to exercise discretion in making motions for emergency action.

      DATED this 19th day of April, 2013.


GEORGE FOLEY, JR.
United States Magistrate Judge

12